JONATHAN L. BOOTH, Appellant, *v.* THE FARMERS' AND MECHANICS' NATIONAL BANK, Respondent.

A party who, after having assigned a judgment, satisfies it, is liable to the assignees for the amount of the judgment in case the satisfaction piece was given upon payment, and for the damages sustained if it was given without payment, and the assignee is prejudiced thereby.

This liability attaches to a corporation where a judgment in its favor is, after assignment, satisfied by its president, he being its financial officer.

The presumption arising from the giving of a satisfaction piece is that it was given upon payment of the judgment, and in the absence of proof to the contrary, it is sufficient to charge the party giving it with the receipt of the amount of the judgment.

A satisfaction piece of a judgment in favor of a corporation, which shows upon its face that it was executed by its president in his official capacity, is binding upon the corporation, although not executed in the name of or under the seal of the corporation.

(Argued November 25, 1872; decided December 3, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order denying motion for a new trial, and directing judgment

in favor of defendant upon a nonsuit. (Reported below, 4 Lans., 301.)

This action was brought to recover the amount of a judgment in favor of defendant and assigned by it to plaintiff, and afterward, as alleged, satisfied by defendant.

On the 29th December, 1860, defendant recovered a judgment in the Supreme Court against Archibald H. McLean, Hector McLean, and Theodore Goddard, impleaded with Charles L. Flint, for $3,503.21. On the 14th December, 1861, it assigned the judgment to plaintiff. On the 11th April, 1864, Jacob Gould, who was the president and financial officer of defendant, executed a satisfaction of the judgment, of which the following is a copy :

"SUPREME COURT.

| "THE FARMERS' AND MECHANICS' BANK OF ROCHESTER<br>*against*<br>ARCHIBALD H. McLEAN, HECTOR McLEAN, THEODORE GODDARD AND CHARLES L. FLINT. | *Judgment docketed* 29*th Dec.*, 1860. |
| --- | --- |

"STATE OF NEW YORK, ⎞ *ss.* :
  *Monroe County.*   ⎠

"I, Jacob Gould, president of said bank, acknowledge satisfaction of a judgment recovered against Charles L. Flint and others in the Supreme Court of the State of New York, between the Farmers' and Mechanics' Bank of Rochester, plaintiff, and Archibald H. McLean, Hector McLean, Theodore Goddard and Charles L. Flint, defendants, for $3,503.21 damages and costs.

"Judgment record filed and docketed the 29th day of December, one thousand eight hundred and sixty, in the county of Monroe.

"Dated the 11th day of April, 1864.

"J. GOULD,
"*President.*"

"Subscribed and acknowledged before me, this 11th day of April, in the year 1864, by Jacob Gould, president, etc., personally known to me.

> "W. R. SEWARD,
> "*Notary Public.*"

This was filed upon the same day, and the usual entry of satisfaction made upon the docket of the judgment. On the trial of action the plaintiff offered to prove that on and prior to the 11th of April, 1864, the defendants in the assigned judgment, McLeans and Goddard, were the owners in fee of real estate subject to the lien of said judgment, and that after the discharge of such judgment the said real estate was sold and conveyed to a *bona fide* purchaser. This evidence was rejected, and the plaintiff excepted.

The court nonsuited the plaintiff, upon the grounds "that there was no evidence to show that the bank had ever received any money upon the discharge of said judgment, and that the said bank having assigned such judgment to the plaintiff, the said Gould had no right or authority to discharge such judgment after such assignment, and that the said bank was not affected by his action in that behalf."

*W. F. Cogswell* for the appellant. The satisfaction of the judgment by the president of the bank was *prima facie* evidence of the receipt by the bank of the amount of the judgment. (*Bridenbecker* v. *Lowell*, 32 Barb., 9–17; *Miner* v. *Mechanics' Bk. of Alexandria*, 1 Peters, 46–70; *Sterling* v. *Marietta and Susquehanna Trading Co.*, 11 Serg. & Rawle, 179; *State Bank* v. *King*, 1 Brees. Ill., 45; *Concord* v. *Concord Bank*, 16 N. H. [2d series], 26.) The satisfaction piece was the acknowledgment of the bank. (*Watervliet Bank* v. *White*, 1 Den., 608–613; *Folger* v. *Chase*, 18 Pick., 63, 67; *Bank of Genesee* v. *Patchin Bank*, 13 N. Y., 309; S. C., 19 id., 312, and cases cited; *Farmers' and Mechanics' Bank of Kent* v. *The Butchers' and Drovers' Bank*, 16 id., 125.) The filing and recording of the satisfac-

tion discharged the judgment. (2 R. S., 360, § 12; 362, § 22, 1st ed., 373, 375; Edm. ed. Laws of 1840, 334, § 25; 335, § 34; Laws of 1847, 334–338, §§ 52, 65; Code, § 282.) The bank was bound by the discharge of the judgment by the president. (*American Ins. Co.* v. *Oakley*, 9 Penn., 496; *Mumfor* v. *Hawkins*, 5 Den., 355; *Farmers' and Mechanics' Bank* v. *Butchers' and Drovers' Bank*, 16 N. Y., 125; *N. Y. and N. H. R. R. Co.* v. *Schuyler et al.*, 34 id., 30; *Fogg* v. *Griffin*, 2 Allen, 1; *Sanford* v. *Handy*, 23 Wend., 260; *Johnson* v. *S. W. R. R. Bank*, 3 Story Eq., 263, 317; Story on Agency, § 452, *et passim*.)

*Theodore Bacon* for the respondent. After the assignment of the judgment the president of the bank had no right to satisfy, and the bank was not affected by his action in its behalf. (*Bank of U. S.* v. *Dunn*, 6 Peters, 51; *U. S.* v. *City Bank of Columbus*, 21 How. U. S., 356; *Kirk* v. *Bell*, 12 Eng. Law & Eq., 385; *Hoyt* v. *Thompson*, 1 Seld., 334–335; *Holt* v. *Bacon*, 25 Miss., 567; *Beers* v. *Hendrickson*, 45 N. Y., 665; *Wyman* v. *Hallowell and Augusta Bank*, 14 Mass., 58, 61, 62; *Salem Bank* v. *Gloucester Bank*, 17 id., 28, 30; *Foster* v. *The Essex Bank*, id., 479, 508–510; *Olney* v. *Chadsey*, 7 R. I., 224.) The satisfaction not having been entered on the record, there was no discharge of the judgment. (*Lownds* v. *Remsen*, 7 Wend., 35.)

RAPALLO, J. A party who, after having for a valuable consideration assigned a judgment, satisfies it, clearly incurs a liability to his assignee. If the satisfaction piece is given on payment of the judgment, the money may be recovered by the assignee in an action for money had and received, and if the satisfaction is given without payment, and the assignee is prejudiced thereby, he is entitled to recover of his assignor the damages sustained. In the absence of proof to the contrary, the presumption arising from the giving of a satisfaction piece is that it was given upon payment of the judgment. The satisfaction piece is an acknowledgment of the satisfaction of

the judgment. This is equivalent to an acknowledgment of its payment, which is the proper and usual way of satisfying it and is sufficient *prima facie* as an admission to charge the party giving it with the receipt of the amount.

If the defendant in this case were a natural person, and had personally executed the satisfaction piece, it can hardly be controverted that the evidence would be sufficient *prima facie* to charge him with having received the amount of the judgment. But being a corporation, and the satisfaction piece having been executed by its president, it is claimed and was held in the court below that the defendant is not liable.

It was admitted upon the trial that the president was the financial officer of the defendant. The judgment had been recovered by the defendant against the makers of a promissory note. Clearly, under ordinary circumstances, the president was empowered to receive payment of this note, or of the judgments recovered upon it, and this power necessarily included authority to give such acquittances and discharges as the debtors were entitled to receive on making payment. The giving of a satisfaction piece was therefore within the scope of the official authority of the president, and *prima facie* evidence of the receipt by the bank of the amount due on the judgment.

It is claimed, however, that the authority of the president, and the bank itself, to collect and satisfy the judgment ceased when the bank assigned it to a third party, and that therefore the bank is not bound by what the president did after such assignment.

This court has in several cases decided adversely to the doctrine which lies at the foundation of this position. When an officer does an act which is within the general scope of his powers, although circumstances may exist which render the particular act a violation of his duty, the corporation is nevertheless bound by his act as to persons dealing in ignorance of those circumstances, and is reponsible to innocent third parties who have sustained damages occasioned by such act. And the liability of the corporation for the consequences of acts of

its officers done within the scope of their general powers is not affected by the fact that the act which the officer has assumed to do is one which the corporation itself could not rightfully do. A corporation may do wrong through its agents as well as a private individual. (*N. Y. & N. H. R. R.* v. *Schuyler*, 34 N. Y., 30; *Farmers' & Mech. Bank* v. *Butchers' & Drovers' Bank*, 16 id., 125; *Bissell* v. *Mich. South. R. R.*, 22 id., 258; *Bank of Genesee* v. *Patchin Bank*, 13 id., 309, and S. C., 19 id., 312.)

The filing of the satisfaction piece and its entry on the docket were effectual to discharge the lien of the judgment upon the real estate of the debtors, at least as to *bona fide* purchasers. (2 R. S., 360, § 12, 362, § 22; *Taylor* v. *Ranney*, 4 Hill, 619; Laws, 1820, p. 334, §§ 25, 34, 335; Laws, 1847, p. 334, §§ 52, 65, 338; Code, § 282.)

It also discharged the debtors themselves if they paid the judgment in ignorance of the assignment. It clearly caused damage to the plaintiff, and was a violation of the obligation of the bank resulting from the assignment, even if it should appear that the money was not paid.

It is objected that the satisfaction piece was not executed in the name of the bank or under its seal. It sufficiently appears, however, upon the face of the instrument that it was executed by the president in his official capacity and in the business of the bank, and on its behalf. It is not capable of any other construction. This made it as binding upon the bank as if its name had been formally prefixed to the signature of its president. (1 Den., 613; 19 N. Y., 312; 16 id., 125.)

We think also that it sufficiently identifies and describes the judgment. It is inaccurate in stating that the judgment was between the Farmers' and Mechanics' Bank of Rochester, plaintiff, and the McLeans, Goddard and Flint, defendants, instead of stating that it was against the McLeans and Goddard impleaded with Flint, and also stating in another place that it was against Flint and others. But we do not think that this inaccuracy deprived it of validity, as the names of

the defendants against whom the judgment was recovered, and the date and amount are correctly set forth, and it was proved that there was no other judgment to which any part of the description could apply.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

All concur except CHURCH, Ch. J., not voting.

Judgment reversed.