WILLIAM A. CASTLE, Respondent, *v.* HENRY LEWIS et al., Appellants.

THE SAME, Respondent, *v.* HENRY E. LEWIS et al., Appellants.

An attaching creditor cannot defend an action, brought by an assignee of the debtor, for the conversion of a chose in action attached, by showing fraud in the assignment.

The M. G. Co., a manufacturing corporation prior to May, 1872, had three trustees, one of whom resigned. One of the others was the treasurer and general agent of the company, having charge of its property and business. The two remaining trustees left a portion of the company's goods with B. & Co. to sell on commission, and subsequently, in the name of the company, made an assignment of the goods unsold and of the proceeds of sales in the hands of B. & Co. to A., to secure a loan made by him to the company, and in pursuance of an arrangement made at the time of the loan. In actions brought by an assignee of A. against creditors of the company, who had caused the property and the avails of sales to be levied upon under attachments in their favor, defendants claimed the transfer to A. to be void for want of authority, as by the statute (§ 1, chap. 269, Laws of 1860, amending chap. 40, Laws of 1848), it is required that such corporations shall have not less than three trustees. *Held*, untenable; that the objection was not available in these actions, and defendants were not in a position to raise the same.

It appeared that after the levy plaintiff sought to establish his title by the aid of a sheriff's jury; defendant's attorney appeared, and upon his request an adjournment was had upon his stipulating to give a bond of indemnity; he also received a portion of the proceeds of the sale of the goods. *Held*, that, in the absence of proof of want of authority in the attorney, defendants interference with the property was sufficiently established to render them liable for the conversion.

(Argued June 10, 1879 ; decided September 16, 1879.)

THESE are appeals from judgments of the General Term of the Supreme Court, in the second judicial department, affirming judgments in favor of plaintiff, entered upon decisions of the court on trial without a jury. (Reported below, 13 Hun, 298.)

The nature of the actions and the facts are set forth sufficiently in the opinions.

*Samuel Hand,* for appellants. All assignments by a corporation giving preference are void. (1 R. S., 603, § 4; *Robinson* v. *B'k of Attica,* 21 N. Y., 406.) A corporation can act only in the mode prescribed by the law of its creation. (*F. L. and T. Co.* v. *Carrol,* 5 Barb., 613; Laws 1860, chap. 269, § 1; *McCullough* v. *Mass,* 5 Den., 567; *Conro* v. *Pt. Henry Iron Co.,* 12 Barb., 27; *Mut. F. Ins. Co.* v. *Keyser,* 32 N. H., 313; *Gashwiler* v. *Willis,* 33 Cal., 11.) There being less than the prescribed number of trustees, the corporation could not act at all, except to fill a vacancy. (A. & A. on Corp. [10th ed.], § 771; *Phelps* v. *Wickham,* 1 Paige, 590; *Trustees, etc.* v. *State of Indiana,* 14 How., 273.) If this was a mortgage, it was void unless a consent of two-thirds of the stockholders was filed. (Laws 1864, chap. 517; Laws 1871, chap. 481; *Jackson* v. *Campbell,* 5 Wend., 572; *L., etc. Ins. Co.* v. *Mech. Ins. Co.,* 7 id., 31; *Dispatch Line* v. *B. Mfg. Co.,* 12 N. H., 205; *Whitwell* v. *Warner,* 20 Vt., 425; *Hawtayne* v. *Bowrne,* 7 M. & W., 595; *Hoyt* v. *Thompson,* 1 Seld., 320.) The sale was fraudulent and void as against the creditors of the company. (2 R. S., 130, §§ 5, 6; *Tilson* v. *Terwilliger,* 56 N. Y., 273; *Jennings* v. *Carter,* 2 Wend., 446; *Randall* v. *Parker,* 3 Sandf., 69; *Fonda* v. *Gross,* 15 Wend., 628; *Butler* v. *Stoddard,* 7 Paige, 163; S. C., Wend., 507; 2 R. S., 136, § 5; 3 R. S., 196, § 10; *Otis* v. *Sill,* 8 Barb., 102; *Porter* v. *Parmly,* 52 N. Y., 185; *Tenni* v. *McName,* 45 id., 614; *Hale* v. *Sweet,* 40 id., 97.) Defendants were not liable in these actions. (*Kuhlman* v *Orser,* 5 Duer, 292; *Rinchey* v. *Stryker,* 28 N. Y., 45; *Gilbert* v. *Wyman,* 1 id., 550.) It was not necessary for defendants to set up their title as creditors of the Glove Company in the first action. (*Tuska* v. *O'Brien,* 68 N. Y., 448; *Ingraham* v. *Mead,* 1 Hill, 353; *Davis* v. *Hoppock,* 5 Duer, 254.)

*Henry Parsons,* for respondent. Defendants could not prove that plaintiff was not the owner of the goods, because their answer contained a general denial only. (*Savage* v.

*Conn. Ex. Ins. Co.*, 4 Bos., 1; 36 N. Y., 655.) Defendants not having alleged that they are creditors of the Glove Company, are not in a position to question plaintiff's title. (*Smith* v. *Hall*, 67 id., 48; *Eno* v. *Crook*, 10 id., 66; *Hoag* v. *Lamount*, 60 id., 96; *Booth* v. *F. and M. B'k*, 50 id., 401; *Palmer* v. *Lawrence*, 3 Sandf., 170; *Eaton* v. *Aspinwall*, 19 N. Y., 121; *Whitney Arms Co.* v. *Barlow*, 63 id., 71; A. & A. on Corp. [8th ed.], § 144; *Trustees, etc.* v. *Hills*, 6 Cow., 23; *Aspinwall* v. *Sacchi*, 57 N. Y., 338; *Parish* v. *Wheeler*, 22 id., 514; *Bissell* v. *M. So. R. R. Co.*, 22 id., 274; *Case of Marcy*, 92 Otto, 638; *Jackson* v. *Campbell*, 5 Wend., 512; *Hoyt* v. *Thompson*, 5 N. Y., 320; *In re N. Y. El. R. R. Co.*, 70 id., 338.) Defendants' answer to the suit, commenced for a recovery of the goods, was a ratification of the levy. (*Herman* v. *Gilbert*, 8 Hun, 252.) Defendants' appearance by their attorney, and their declaration that they would indemnify the sheriff, amounted to a trespass or ratification. (*Newberry* v. *Lee*, 3 Hill, 523; *Averill* v. *Williams*, 4 Den., 296; *Ostereich* v. *Greenbaum*, 9 Hun, 242; 2 Add. on Torts, 1121; *Pease* v. *Smith*, 61 N. Y., 480; *Fox* v. *Jackson*, 8 Barb., 355; *Fonda* v. *Van Horne*, 15 Wend., 633.) The order allowing defendants to interplead was irregular. (*Lund* v. *Seaman's Svgs. B'k*, 37 Barb., 129; *U. S. Tr. Co.* v. *Wiley*, 41 id., 477.)

MILLER, J. The plaintiff's right to maintain these actions is founded upon a transfer, made by the Manhattan Glove Company, a corporation organized for manufacturing purposes, of property, to secure a loan made to it by one Armstrong by a pledge of such property. It appears that prior to May, 1872, there were three trustees of the company, and that one of these resigned, leaving only two after such resignation. One of the two, who was also treasurer and general agent, had charge of the company's property and business. The two trustees left a certain portion of their goods with Messrs Beeber & Co. to be sold on commission. Armstrong demanded payment of his debt, and the company not being

able to pay the same, made to him an assignment of goods which then remained unsold in the hands of Beeber & Co. and the proceeds of goods which had previously been sold. The plaintiff, as assignee, became entitled to Armstrong's interest in the goods and the money.

The first entitled action was brought to recover the value of a quantity of goods in the hands of Beeber & Co. levied upon by the sheriff, by virtue of an attachment in favor of and by the direction of the defendants and converted to their use. The second action was brought by the plaintiff to recover of Beeber & Co. moneys received by them for goods sold, which demand had been seized by the sheriff, by virtue of an attachment issued in favor of the defendants Lewis against the Manhattan Glove Company. Upon the application of Beeber & Co., the defendants Lewis and another party, who claimed the balance in the hands of Beeber & Co., were substituted in the place of the latter, and the defendants Lewis put in an answer claiming the moneys in question as creditors of the Glove Company.

The defendants claim that the sale made by the corporation was void for want of authority inasmuch as the statute in regard to manufacturing corporations requires that there shall not be less than three trustees and three stockholders, and as there were only two, the corporation could not pledge the property. And even if there was authority, as the corporation was evidently insolvent, the assignment giving a preference was void. The objection that the corporation can only act in the mode prescribed by law we think is not available in these actions, and the defendants are not in a position to raise the same. The corporation received the money loaned from the plaintiff's assignor, and gave title to the property in question for the purpose of securing the same. Although only two trustees acted in making the arrangement, this fact does not authorize the corporation to set up such a defense against the plaintiff's demand. Having received the benefit of the contract which has been executed, even although it may have been made without

express authority, it must be allowed to stand, as the plainest rules of good faith demand. (*Parish* v. *Wheeler*, 22 N. Y., 494, 508, 509; *Bissell* v. *M. S. and N. I. R. R. Co.*, id., 258.) The loan was made by an officer of the corporation, acting on its behalf within the general scope of his powers, and the security given accordingly. And even although the treasurer and trustee of the company had no direct authority from the board of trustees, the corporation is liable for any loan obtained for its benefit, so long as it reaped the advantages arising from the act. It is bound by the acts of the agent as to persons dealing in ignorance of the circumstances, and is responsible to innocent third parties who have thereby been injured. (*Booth* v. *F. and M. Nat. Bank*, 50 N. Y., 400.) The position taken, that the corporation had become dormant and unable to act, by reason of its having only two trustees, so far as it relates to the liability incurred, has no application where a debt has been contracted for the benefit of the corporation, and cannot be invoked by the defendants. The security was given, as the proof shows, in pursuance of an arrangement made at the time of the loan, and it would be a fraud upon the rights of the creditor to allow any such defense to prevail.

Aside from the consideration suggested, much less should the defendants be permitted to step in and defeat the very purpose in view between the contracting parties, viz., the security given for the money loaned. They are entire strangers to the transaction, and have had no connection with it. They cannot go back of the assignment, and thus collaterally impeach a transfer for a want of formalities imposed by statute for the benefit and protection of others. None but the corporation and its stockholders or creditors can impeach a transfer of property by the corporation for the want of the previous action of the board of directors; and then only by a direct action brought for that purpose. (*Eno* v. *Crooke*, 10 N. Y., 66.) It will thus be seen that even if a private creditor might contest the validity of the ·

transfer, the defendants are not in a position to do so. Not only are they deprived of any such defense upon the grounds. already adverted to, but they claim no interest in the property in their answer, and content themselves by a simple denial of the allegations in the complaint; (see *Smith* v. *Hall*, 67 N. Y., 48 ; *Savage* v. *Corn Ex. Ins. Co.*, 36 id., 655.) The authorities cited to sustain the position contended for, that the transfer was void, have, we think, no application under the facts presented in this case.

The point now urged, that the sale was fraudulent and void as against creditors, and that no title passed thereby, is not well taken. If any presumption of fraud arose from the fact that Beeber & Co., who were mere commission merchants, remained in possession, it was entirely rebutted by proof of good faith in the sale and that the same was made without any intent to defraud creditors. But no such point was made upon the trial, and the question, therefore, does not now arise.

There was sufficient evidence to show that the defendants were connected with and took part in taking the goods. They were seized upon process issued in favor of the defendants. Their attorney appeared when the plaintiff attempted to establish his title by the aid of a sheriff's jury, and at his request an adjournment was had, upon stipulating that a bond of indemnity should be given. The attorney also received a portion of the proceeds of the sale of the goods. These facts, which were not controverted by the evidence of any of the defendants, showing a want of authority of the attorney, sufficiently establish an interference with the property by the direction and the authority of the defendants, and render them liable for the conversion of the same.

As to the second action, the defendants stand in the place of Beeber & Co. ; and it being clear that the moneys in question belonged to the plaintiff, and are only claimed by virtue of an attachment which, as we have seen, could confer no title, they cannot escape liability. The sheriff who

attached the moneys as the property of the glove company cannot contest the good faith or validity of the transfer to the plaintiff, and the defendants have no such right. An attaching creditor cannot maintain an action to set aside an alleged fraudulent assignment of a chose in action which the sheriff has attached ; *Thurber* v. *Blanck* (50 N. Y., 80) ; and upon the same principle, he cannot defend upon any such ground.

The defendants have voluntarily thrust themselves into the case, assuming to defend in the place of Beeber & Co., by virtue of the attachment, and occupy the position of the original defendants, and must take the consequences of their own act. It is no answer to say that they have not received the amount, as the money was paid into court, to await the decision of the case, by their instigation. But for this, the plaintiffs would have recovered of Beeber & Co. ; and as the defendants have prevented such recovery and made out no defense, they are clearly responsible. The judgment provides for the payment of the money in court to the plaintiff, who is entitled to the same, and hence the defendants are held only for the deficiency.

The judgments were right in each of the actions and should be affirmed.

All concur.

Judgments affirmed.