## THE THROOP GRAIN CLEANER COMPANY and HIRAM K. EDWARDS, Sheriff of Onondaga County, Plaintiffs, *v.* H. CORDENIO SMITH, Defendant.

*Attaching creditor — action by him to collect the demand attached — Code of Civil Procedure, secs. 677, 678 and 679 — he may impeach the good faith of an assignment of the demand.*

Where an action brought by an attaching creditor and a sheriff, as provided in sections 677, 678 and 679 of the Code of Civil Procedure, to recover a demand attached, is defended upon the ground that the demand was assigned prior to the levy under the attachment, the attaching creditor is entitled to inquire, into the good faith of the assignment, and if he shows that it was made for the purpose of defeating his remedy it will not be sustained.

MOTION by the plaintiffs for a new trial, on exceptions taken at the Cayuga Circuit and ordered to be heard at the General Term in the first instance.

*Rollin Tracy*, for the plaintiffs.

*Waters, McLellan & Dillaye*, for the defendant.

SMITH, P. J.:

This is an action brought in aid of an attachment issued in an action in favor of the plaintiff, the Throop Grain Cleaner Company, against Edward P. Allis, to reach a demand alleged to be due from the defendant herein to "E. P. Allis & Co.," the firm name in which the said Allis did business. The action is brought under sections 677, 678 and 679 of the Code of Civil Procedure. The defense relied on is, that before the demand was levied on under the attachment it had been transferred in good faith by E. P. Allis & Co. to The Farrell Foundry and Machine Company of Ansonia, Connecticut.

In April, 1881, Allis & Company, at Milwaukee, agreed to manufacture and furnish to the defendant herein certain machinery at specified prices, which he required for use in his mill at Marcellus, Onondaga county. Under the contract Allis & Company caused to be shipped to the defendant machinery amounting, at the contract-prices, to the sum of $3,850, a part of which was manufactured by the Farrell Foundry and Machine Company and shipped by them from Ansonia to the defendant at the request of Allis & Company. After the property reached this State, the plaintiff, the Throop Grain Cleaner Company, caused it to be attached in an action in its favor against Allis & Company, and the defendant immediately notified Allis & Company of the fact by telegraph on the ninth of May. On the next day Allis & Company made their drafts on the defendant for $3,850, and mailed them to the Farrell Company, asking the latter to credit the same to their account, and at the same time notified the defendant by letter that they had assigned their account against him to the Farrell Company. Under the same date they wrote a letter to the secretary of the Farrell Company, of which the following is a copy :

" (PERSONAL.)

" MILWAUKEE, WIS., *May* 10, 1881.

"ALTON FARRELL, *Secretary, Ansonia, Conn. :*

" DEAR SIR. — The Throop Grain Cleaner Company, of Auburn, N. Y., claim something from us on a patent contract which we dispute. To give us trouble they have instituted some proceedings against some machinery sent to H. C. Smith, Marcellus, N. Y. Our people,

to-day, send drafts on Smith for amount due from him.   We charge the amount to you in general account, and want you to credit the same and collect it.   Please have no error in receiving and treating the drafts as belonging to you.

" Very truly,

" EDW. P. ALLIS & CO."

Allis & Company charged the amount of the drafts to the Farrell Company in account, but the evidence showed that no corresponding credit appeared on the books of the Farrell Company.   The latter company presented the drafts to Smith, but he declined to pay without a bond indemnifying him against the claims of others, and accordingly the Farrell Company, at the request of Allis & Company, gave him a bond, and Allis & Company indemnified the Farrell Company and Smith then paid the drafts to the latter company. Prior to such payment the attachment was levied on the demand. This action was commenced in July, 1881, leave to do so having been previously granted at a Special Term of this court.   Judgment was recovered in the action against Allis in August, 1881.   (*Rinchey* v. *Stryker*, 28 N. Y., 45.)

At the trial the plaintiff asked the court to submit to the jury the question whether the transfer of the claim, if one had been made, was made in good faith, or for the purpose of cheating and defrauding the creditors of Allis & Company, and especially the plaintiff.   The request was refused and the refusal was excepted to.

The transaction in respect to the drafts was probably sufficient, as between the parties to it, to operate as a formal transfer of the demand from the drawer to the drawees.   But if it was a sham device, entered into by both parties for the purpose of defeating the remedy of the attachment creditor, it cannot be upheld.   (*Bills* v. *National Park Bank of N. Y.*, 89 N. Y., 343, 352.)   When the transfer is set up to defeat the claim of the attaching creditor, the latter may inquire into its good faith.   In the case of *Castle* v. *Lewis* (78 N. Y., 131), relied upon by the defendant's counsel, the question of fraud was not suggested at the trial, and it was therefore held that it did not arise on the appeal.   (P. 136.)   Here the question was not only distinctly raised at the trial, but the issue of good faith was tendered by the answer.   And the evidence tending

to show that the transfer was not in good faith, as it now stands, if not conclusive, is of a very cogent character.

The motion for a new trial should be granted, costs to abide event.

BARKER, BRADLEY and CORLETT, JJ., concurred.

New trial ordered, costs to abide event.