## BOWMAN *v.* TRAINOR.

### Opinion delivered January 24, 1910.

1. CORPORATIONS—AUTHORITY TO ACQUIRE LAND.—Under Kirby's Digest, § 851, authorizing corporations to acquire such lands as shall be necessary for their purposes, the inquiry whether any particular real estate owned by a corporation is necessary for that business is a matter between the State and the corporation, which does not concern third parties. (Page 437.)

2. SAME—VALIDITY OF CONVEYANCES TO AND FROM.—The validity of conveyances of land between two corporations cannot be impeached by strangers. (Page 439.)

Appeal from Prairie Chancery Court, Southern District; *John M. Elliott,* Chancellor; affirmed.

*J. H. Harrod* and *J. G. & C. B. Thweatt,* for appellant.

1. There is no proof that the Little Rock Vehicle & Implement Company had legal title to the land. Its charter was not introduced to show its corporate authority to acquire land, neither is there any showing that it had the right to acquire the land from Livesay under its implied power, *i. e.,* the authority to hold land necessary to its business or to take it for the purpose of saving a debt. 1 Morawetz on Private Corporations, § 327; 5 Thompson on Corporations, § 5779.

2. The proof is insufficient that Trainor Company acquired all the rights of the Little Rock Vehicle & Implement Company. No showing that Wood Carriage Company ever legally succeeded it. No showing that the proceedings at the meeting at which the name was changed were taken by a majority of the stockholders, or that any notice of the meeting was given. The record does not show that any legal or proper notice was given of the meeting of the Wood Carriage Company, nor that a majority of the stockholders were present, wherein it was authorized to transfer assets to some one who would settle the debts. Same objections obtain as against the proceedings at the meeting wherein the sale to Trainor was made or authorized.

3. Trainor Company's charter is not exhibited, and there is no showing that it has a right to hold the land. It cannot claim to hold by implied authority, since it did not take the land for debt. Trainor Company must have title, equitable or legal, before it can be heard to point out defects in Bowman's title.

*Wiley & Clayton,* for appellee.

1. The defenses now urged by appellant were not urged in the lower court, either in pleadings or proof. He cannot raise new issues here. 75 Ark. 312. Even in the lower court it would have been necessary to specially plead want of authority in the officers or directors to bind the corporation, before appellant could avail himself of such defense. 80 Ark. 67. "None but the corporation and its stockholders or creditors can impeach a transfer of property by the corporation for want of previous action by the board of directors; and then only by a direct action brought for that purpose." 78 N. Y. 131; Cook on Corporations, (4 ed.), 1479, note 2. A party taking a transfer of property from a corporation, as in this case, is not bound to inquire whether notice was given of a directors' meeting; and when the vendee relies upon such transfer, it cannot be attacked collaterally by a third party. Cook on Corporations (4 ed.), § 713, p. 1481, § 713a, p 1488.

2. It is provided by our laws that every corporation has power to hold such land as shall be necessary for the purposes of the corporation. Kirby's Dig. § 851. And where a corporation has such power, the question "whether any particular real estate is necessary for that business is a matter between the State and the corporation, which does not concern third parties. 100 U. S. 55, 60-61; 98 U. S. 621; Cook, Corporations, § 604

Battle, J. On the 13th day of October, 1906, the J. H. Trainor Company filed a complaint in the Prairie Chancery Court against W. P. Bowman and the Little Rock Vehicle & Implement Company, alleging that plaintiff was the owner of one undivided half of a certain tract of land, deraigning title through mesne conveyances from the United States. It then alleged that the one-half of the land was sold on the 8th of June, 1903, for taxes of 1902, and purchased by Bank of Grand Prairie, which assigned its certificate of purchase to the defendant, W. P. Bowman, who received a deed on the 9th day of June, 1905; and that the tax sale

was void. Prayer of complaint was that the plaintiff's title be quieted, and Bowman's tax deed be canceled.

The defendant, Bowman, answered and denied that plaintiff acquired title to one-half of the tract of land, or is the owner thereof, and claimed title to the same by his tax deed and deed executed to him by Mrs. Mollie Roper; and asked that his title be quieted. The defendant Little Rock Vehicle & Implement Company and G. G. Wood, who was made defendant during the pendency of the suit, answered, alleging that the Little Rock Vehicle & Implement Company was a corporation, and that, after it bought the land in controversy, it changed its name to Wood Carriage Company, and that in January, 1905, the Wood Carriage Company went out of business and transferred all of its assets to the plaintiff; and that the defendant G. G. Wood was its last president. They disclaimed all interest in the land, and joined in the prayer of the complaint.

Upon final hearing the court ordered, adjudged and decreed that the equitable title to the land in controversy is in the plaintiff, and that the legal title is in the Little Rock Vehicle & Implement Company, and that it be divested out of such company and vested and quieted in plaintiff; and that the tax sale of the land on the 8th of June, 1903, for the taxes of 1902, and the deed made in pursuance thereof to W. P. Bowman, be set aside and held for naught, and as a cloud upon the plaintiff's title, and that plaintiff's title be quieted as against all the parties to this suit. From this decree Bowman appealed.

Appellant says he "makes no point on the decree of the court holding that the tax sale was irregular;" and further says: "Our contention is that the Trainor Company is in no position to come into a court of equity and attack anything relating to the title of the land in this case, and the only point we desire to discuss on this appeal is that plaintiff has wholly failed to show any equitable title to the land in controversy. Not having shown an equitable title, it of course can not maintain a complaint to cancel a cloud or to quiet its title."

It is clearly alleged in effect in the complaint, and not denied in the answer, that the Little Rock Vehicle & Implement Company is a corporation. But appellant says it is not shown that it had the right to acquire the land in controversy. But the statutes

of this State provide that corporations, by their corporate name, shall "have power to acquire and hold such lands, tenements and hereditaments and such property of every kind as shall be necessary for the purposes of such corporations; and such other lands, tenements and hereditaments as shall be taken in payment of or as security for debts due such corporations, and to manage and dispose of the same at pleasure." Kirby's Digest, § 851. "The inquiry whether any particular real property is necessary for that business is a matter between the State and the corporation, which does not concern third parties." That is a matter which is not subject to investigation, and cannot be called in question in this suit. *Cowell* v. *Springs Co.,* 10 U. S. 55, 60, 61; Cook, Corporations (6 ed.), § 694.

Both parties trace title to Mollie Roper. On the 4th day of March, 1899, she conveyed the land in controversy to D. M. Livesay. This deed was filed for record on the 21st day of September, 1906. On the 21st day of October, 1902, Livesay and wife conveyed the same to the Little Rock Vehicle & Implement Company, and their deed was recorded on the 31st day of October, 1902. On the 26th day of September, 1904, she conveyed to the defendant, W. P. Bowman, and he had constructive notice, by record, of the title of the Little Rock Vehicle & Implement Company to the land at the time she conveyed to him.

The name of the Little Rock Vehicle & Implement Company was changed at a meeting of its stockholders on the 3d day of February, 1903, by a resolution, to Wood Carriage Company. This appears on the minutes or record of the company. Whether the resolution was adopted in conformity to the statute in such cases made and provided is immaterial; the corporation was not changed. The corporation became embarrassed financially. Its record shows that its stockholders in pursuance to a notice given to them met on January 5, 1905, and authorized its board of directors to sell all its property of every description to any person or corporation who could and would take its property and pay its debts or otherwise satisfy its creditors, and hold it harmless against its debts, and to report such sale to them (stockholders) at a subsequent meeting for ratification. Its record further shows that its board of directors, in pursuance of notice to all of them, met on the 9th day of March, 1905, and sold all of its property

to J. H. Trainor, trustee, in consideration of satisfaction by him of all its indebtedness and the holding of it harmless by him against all claims; and that the stockholders, upon notice to each of them, met on the 9th day of March, 1905, and by unanimous vote ratified the sale made by the board of directors. All the property was sold and transferred to J. H. Trainor, trustee, and he took possession of it and sold and transferred it to J. H. Trainor Company, a corporation organized under the laws of Arkansas. The claims against the Wood Carriage Company and its creditors were satisfied. But through inadvertence the lands in controversy were not conveyed by deed. The plaintiff, J. H. Trainor Company, however, acquired the equitable title to the property. To these transactions Bowman was a stranger, and he cannot impeach them. *Castle* v. *Lewis,* 78 N. Y. 131, 135. They do not affect him.

. Decree affirmed.