(88 Misc. Rep. 3)

### BRONX HOSPITAL v. GROLIER SOCIETY.

(Supreme Court, Appellate Term, First Department. December 4, 1914.)

1. CORPORATIONS (§ 453*)—CONTRACTS BY AGENT—VALIDITY—USE OF CORPORATE NAME.

Where the lease described plaintiff as lessor, and A., of the defendant society, as lessee, but the attestation clause recited that the lessee had caused the instrument to be signed by its representative, the lease may be construed as that of the defendant society, instead of the agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1798, 1799; Dec. Dig. § 453.*]

2. CORPORATIONS (§ 426*) — AGREEMENTS BY AGENT — RATIFICATION — EVIDENCE.

Where defendants, after being notified of a lease signed by their agent, orally agreed to change a stand provided for their exhibition, and did so, there was a ratification of the agent's authority.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1596, 1702–1704, 1707, 1708, 1710–1716; Dec. Dig. § 426.*]

3. LANDLORD AND TENANT (§ 49*)—BREACH OF LEASE—EVIDENCE.

Where a lease expressed the consideration as $375 in books, the introduction of the lease in evidence in an action for breach by the lessee was sufficient prima facie proof of damage in the amount named.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 117–119; Dec. Dig. § 49.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Bronx Hospital against the Grolier Society. From a judgment dismissing the complaint, plaintiff appeals. Reversed and remanded.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Henry Leon Slobodin, of New York City, for appellant.
Mark H. Ellison, of New York City, for respondent.

BIJUR, J. [1] The plaintiff had arranged to give an exhibition in premises in the city of New York. A salesman of defendant called on plaintiff's representative and executed the contract in suit. The agreement describes the plaintiff as lessor and the other party as "Isaac L. Adelman, of the Grolier Society," and is signed by Adelman in the same terms. Standing alone, this agreement might very well be construed as that of Adelman personally; but in the attestation clause it is recited that the lessee has caused these presents to be signed by its "representative"; the latter word having been written by Adelman himself at the time of execution. In this form it seems to me that the agreement sufficiently indicates that it was intended to bind the defend-

---

ant in its corporate capacity. Booth v. Farmers' Bank, 50 N. Y. 396; Whitford v. Laidler, 94 N. Y. 145, 46 Am. Rep. 131.

[2] As to Adelman's authority, plaintiff does not claim to bind the defendant, otherwise than by ratification, and there was ample evidence to demonstrate that the agreement had been shown to defendant's officers, that they had discussed its terms with one of the plaintiff's representatives, and had orally agreed to change the stand provided for their exhibition from the one mentioned in the agreement to another one that suited them better, and that that change was actually carried out.

[3] Respondent urges, in favor of affirmance, the point that plaintiff proved no damages, because he did not show the value of the books which defendant, under the agreement, promised to deliver in payment of the rental of the stand. The agreement, however, expresses the consideration as "$375, in books," etc. This, in itself, was sufficient prima facie proof of damage in the amount named. See, for example, Publishing Co. v. Steamship Co., 148 N. Y. 39, 42 N. E. 514.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.