ATTLEBORO BRAIDING Co., INC., Plaintiff, *v.* DELHI BRAIDING COMPANY, INC., and Others, Defendants.

Supreme Court, Delaware County, September 5, 1930.

*F. W. Youmans* [*Arthur F. Curtis* .of counsel], for the plaintiff.

*Hamilton J. Hewitt*, for the defendants Robert L. Gray and J. Harrison Gray.

*John F. O'Loughlin*, receiver of defendant Delhi Braiding Company, Inc.

RHODES, J. The action is for the foreclosure of a mortgage upon the property of the defendant Delhi Braiding Company, Inc. The defendants Gray, who had filed a mechanic's lien against the premises, set up the defense that the said mortgage is invalid in that the written consent to its execution was never made and filed as required by statute and that it was never properly authorized by the stockholders or directors. The certificate of incorporation of the braiding company was filed September 29, 1928. It provided for 3,000 shares of stock of the par value of $100 each, which were to be preferred, non-voting, and 2,000 shares of common stock without par value. It provided further for five directors, who were named, three of whom were the subscribers to the certificate of incorporation, they being the only subscribers thereto. On October 3, 1928, the organization meeting of the incorporators was held. A president, vice-president, secretary and treasurer were elected and by-laws were adopted. Mr. Howard, the vice-president, was also a member of the firm of Howard & Co. which had pur-

chased the braiding machine plant in Delhi, and it was resolved that said company be reimbursed by the issuance of stock, and on October 4, 1928, 2,000 shares of common stock were issued to Howard & Co. for payment therefor. Howard & Co. had also purchased machines, beltings, pulleys, shafting and equipment for the manufacturing plant and at said meeting a resolution was adopted to ratify the expenditure and to reimburse Howard & Co. by the issuance of preferred shares at $100 each. By resolution the president was also authorized to purchase from the plaintiff braiders with necessary counter-shafting, belting, pulleys, etc., and other appliances necessary for the installation of said machines in working condition in the Delhi Braiding Company's plant. Said president was authorized and empowered to execute a conditional contract of sale which was submitted at the meeting and which provided for the giving of a bond and mortgage upon the real property of the Delhi Braiding Company as further security for the purchase price of such machinery, and the said president was also empowered and authorized to execute any mortgage or other instrument required to secure the payment of the purchase price of said equipment. It was also resolved that the president have the power of a general manager and have power to make purchases, make all necessary contracts, to sign, acknowledge and deliver all instruments in writing, etc. At said meeting all the incorporators were present. Thereafter and on or about October 10, 1928, further steps were taken relative to the purchase of said equipment from the plaintiff for the sum of $25,000, $1,000 in cash to be paid down and a note of the Delhi Braiding Company for $24,000 was given, said note being payable in installments, the last installment of $12,500 to be paid on March 10, 1929. At the same time the contract of conditional sale was prepared and signed in behalf of plaintiff's company in Rhode Island, and a few days later in behalf of the Delhi Braiding Company at Binghamton. The mortgage in question was dated and signed at about the same time but was not acknowledged until December 4, 1928, and was recorded in the Delaware county clerk's office December 22, 1928. The contract of conditional sale was filed October 15, 1928.

The defendants Gray had apparently been employed by the promoters to perform work in getting the plant in shape prior to the organization meeting, and commenced work about August 25, 1928, and continued work thereafter until its completion about November 17, 1928. On December 4, 1928, the defendants Gray filed a mechanic's lien in the office of the clerk of the county of Delaware for $5,255.66. It appears that on October 10, 1928, there was actually due to the defendants Gray for work, labor and materials

then performed and furnished the sum of $916.50. The other lienors have made proof of their liens as filed, as to which I understand there is no dispute concerning the amounts thereof. It appears also that John F. O'Loughlin has been appointed receiver of the defendant Delhi Braiding Company, Inc., under the provisions of section 353-a of the General Business Law relating to fraudulent practices in respect to stocks. In this capacity he is not in the position of an ordinary receiver, for he is not necessarily vested with the title to all the assets of the corporation. He has intervened as a defendant herein pursuant to an order of this court authorizing him to do so.

It thus appears that at the organization meeting the purchase of the equipment from the plaintiff was authorized; the form of purchase was authorized, which contract provided that in consideration of the purchase and as security therefor the Delhi Braiding Company should secure the purchase price by the mortgage in question. The purchase was made and the contract was executed. There was nothing fraudulent or illegal about the transaction and it was entirely valid. Certainly as against the Delhi Braiding Company the mortgage given pursuant to this contract was valid and I think also valid as against the defendants, lienors. (See *Hamilton Trust Company* v. *Clemes*, 163 N. Y. 423; *Welch* v. *I. & T. N. Bank*, 122 id. 177.) It was said in *Eno* v. *Crooke* (10 N. Y. 60) that none but the corporation or its stockholders or creditors can impeach a transfer of property by the corporation for the want of the previous action of the board of directors, and then only by direct action for that purpose. To the same effect see *Castle* v. *Lewis* (78 N. Y. 131); *Paulding* v. *Chrome Steel Co.* (94 id. 334); *Black* v. *Ellis* (129 App. Div. 140; affd., 197 N. Y. 402); *Martin* v. *Niagara Falls Paper Manufacturing Co.* (122 id. 165). Such a mortgage is valid as against subsequent judgment creditors. (*Hamilton Trust Co.* v. *Clemes, supra.*) If a judgment creditor may not question the validity of the mortgage, certainly one claiming under a mechanic's lien filed subsequent to the authorization of the mortgage is not in a position to attack its validity.

I, therefore, direct judgment for the plaintiff, with costs.