THE RIDER LIFE RAFT COMPANY, Appellant, *v*. JOHN ROACH,
Impleaded, etc., Respondent.

The plea of *ultra vires* will not, as a general rule, prevail, whether interposed for or against a corporation, when it will not advance justice but will accomplish a legal wrong.

In the absence of proof showing a want of authority on the part of a corporation in making a contract, or of a violation of its charter, a claim that the contract is *ultra vires* will not be upheld; every presumption is to the contrary.

As to whether a plea of *ultra vires* can be interposed against a corporation by one who has contracted with it, *quære*.

A contract was entered into between defendants jointly as parties of the first part, and plaintiff and all its stockholders, individually as parties of the second part, it being executed by plaintiff's president on its behalf, by which the parties of the second part agreed to give defendants three-eighths of plaintiff's capital stock, and two of its trustees were to resign, defendants to take their places. Defendants agreed to promote the interests of the company, to furnish the means necessary for carrying on its business, of which they were to have the entire control, and to make up accounts and divide profits every six months. In an action to compel an accounting for and payment of profits, *held*, in the absence of proof to the contrary, the presumption was that the contract was authorized by the proper officers of the company, and was entered into for its benefit and advantage; also that it had power to make the same.

Also *held*, that as the contract was joint, one of the defendants was liable for moneys received under it by his co-defendant and not accounted for; and this, although the latter was treasurer of the company.

Where a judgment in an action tried by the court or a referee is reversed and new trial granted at General Term, and the order fails to show that the reversal was upon the facts, this court must assume that it was granted upon questions of law only.

It is the duty of the party succeeding at General Term, if its determination was influenced by questions of fact, to see that the order so states, or to have it corrected on motion; if he fails so to do, those questions may not be considered here.

(Argued October 30, 1884; decided November 25, 1884.)

APPEAL from order of the General Term of the Superior Court of the city of New York, made April 3, 1882, which reversed, as to defendant Roach, a judgment in favor of plaintiff, entered upon the report of a referee. The order of reversal did not state that it was upon the facts.

This action was brought for an accounting and to recover the profits alleged to have accrued on sale of certain life rafts made under a contract, the substance of which, as well as of the material facts, are stated in the opinion.

*Wm. H. Arnoux* for appellant.   The plea of *ultra vires* is not available to an individual in an action brought against him by a corporation upon a contract entered into between them, where he has received and retained the consideration, and where there is no positive proof that the said agreement was in fact contrary to the terms of plaintiff's charter.   (*Maybee* v. *Camden & A. R. R.*, 45 N. Y. 514, 518 ; *Bissell* v. *Mich. R. R.*, 22 id. 258 ; *Taylor* v. *Chichester, etc., Ry.*, L. R., 2 Exch. 356 ; *Earl of Shrewsbury* v. *N. Staffordshire Ry.*, id. 121, Eq. 593 ; *Nassau Bk.* v. *Jones*, 95 N. Y. 115 ; *Parish* v. *Wheeler*, 22 id. 494, 508 ; *Castle* v. *Lewis*, 78 id. 131, 134 ; *Atlantic State Bk.* v. *Lavery*, 82 id. 291, 307 ; *Gold Mining Co.* v. *Nat. Bk.*, 96 U. S. 640 ; *Hurd* v. *Kelly*, 78 N. Y. 588, 596.)   The plea of *ultra vires* can only be interposed by a corporation. It is not available to an individual dealing with such corporation. (*Davis* v. *Old Colony R. R.*, 131 Mass. 238 ; 41 Am. Rep. 237 ; *Bissell* v. *Mich. South. R. R.*, 22 N. Y. 258, 291 ; *Nat. Bank* v. *Matthews*, 98 U. S. 621 ; 103 id. 109.)   Even if the plea of *ultra vires* were available as a defense to an individual in an action by a corporation as matter of law, it cannot be a defense to an agreement to which all the stockholders had given their consent.   (*Cass* v. *Manchester Iron and Steel Co.*, 13 Rep. 167 ; *Kent* v. *Quicksilver Mining Co.*, 78 N. Y. 159, 186 ; L. R., 2 Exch. 390 ; L. R., 7 C. P. 43 ; L. R., 3 H. L. 249 ; *Sheldon H. B. Co.* v. *Eickemeyer H. B. M. Co.*, 90 N. Y. 607, 613 ; *Magdalene Steam N. Co., In re.*, 6 Jur. [N. S.] 975.)   Where joint contractors are sued, a recovery against one necessitates a recovery against all.   (*Oakley* v. *Aspinwall*, 4 N. Y. 513 ; *Olmstead* v. *Webster*, 8 id. 413 ; *Suydam* v. *Barber*, 18 id. 468.)   The contract having expressly forbidden the use of moneys by any officer without the written consent of the trustees, and there having been no such written consent,

the defendant, Mr. Roach, as president and trustee, was liable to the plaintiff for a breach of his fiduciary duty. (*Cutting* v. *Marlor*, 75 N. Y. 454; *Earl* v. *Earl*, 93 id. 104, 113, 117.)

*Edward Gebhard* for respondent. The order of the General Term was not appealable. (*Dickson* v. *R. R. Co.*, 47 N. Y. 507; *Harris* v. *Burdett*, 73 id. 136; *Brooks* v. *Mex. Nat. Com. Co.*, 93 id. 647.) No subsequent ratification could validate the contract. The doctrine of ratification applies only to voidable acts, never giving life to a void act. (10 Weekly Dig. 33.) The contract exceeded the powers of the corporation and was *ultra vires*. (80 N. Y. 82; 22 id. 258; *Woodruff* v. *E. R. R.*, 93 id. 612; *S. C.*, 95 id. 120; *Nassau Bk.* v. *Jones*, 78 id. 203; 1 Sandf. Ch. 280; 1 Hill, 11; 5 Denio, 567; 7 N. Y. 328.) If any property or funds of the company came into the hands of either of the defendants, it was secured by them as trustees, and they are only liable as such. (4 Johns. 23; 3 Wend. 130; Ang. & Ames on Corp. [10th ed.], § 312; 14 Weekly Dig. 257; 5 Johns. Ch. 289; *Croft* v. *Williams*, 88 N. Y. 384; *Paulding* v. *Sharkey*, 88 id. 432.)

MILLER, J. The contract upon which the plaintiff's cause of action is based was entered into between the defendants as parties of the first part, and all the stockholders of the Rider Life Raft Company, and the company itself as parties of the second part, and it was thereby agreed, in substance, that the parties of the second part were to give the parties of the first part three-eighths of the capital stock of said company; that two of the trustees were to resign and the defendants to take their places; that the defendants were to promote the general interests of the company, to furnish means necessary for carrying on the business and to have the entire control of the business for the full term of the patent belonging to the company, and that the accounts were to be made up every six months when profits were to be divided and paid. Although the con-

tract is somewhat peculiar in its character in designating the defendants as trustees and in reference to the parties who entered into the same, it is not apparent that it was made without any authority whatever on behalf of the company and void for that reason.   It was executed by all the stockholders and the president of the company on its behalf, and *prima facie* and in the absence of any proof to establish the contrary, the presumption is that it was authorized by the proper officers of the company and entered into for its benefit and advantage.

It was objected by the respondent's counsel that the contract was *ultra vires*.  If the objection urged is at all available, it should be made to appear by satisfactory proof that the contract in question was in violation of the charter of the plaintiff.   Although the contract provided that the defendants were to act as trustees, it is not manifest that they were not made such according to the usual course followed in selecting those officers, and that they continued to act in that capacity according to law during the time they had the management and control of the affairs of the company.   It cannot, therefore, be said that the contract was void upon the ground that it contained provisions in violation of the charter of the company, and that the defendants were acting without any authority whatever.   In the absence of proof showing a want of authority or a violation of the plaintiff's charter, the claim that the contract was *ultra vires* cannot be upheld. Every presumption is in the contrary direction.

Another complete and perfect answer to the objection urged is that the defendants, having reaped the benefits arising from the contract, cannot, under the plea of *ultra vires*, seek to defraud the other parties.   Even although it may have been made without express authority, the contract must be allowed to stand as the plainest rules of good faith demand.   (*Castle* v. *Lewis*, 78 N. Y. 131.)   The rule is well settled that the plea of *ultra vires* should not, as a general rule, prevail, whether interposed for or against a corporation, when it would not advance justice, but, on the contrary, would accomplish a legal wrong.   (*Whit-*

*ney Arms Co.* v. *Barlow*, 63 N. Y. 62.    See, also, *Atlantic State Bank* v. *Lavery*, 82 id. 291.)

Under the authorities cited, it is very manifest that the defendants cannot avail themselves of the plea of *ultra vires.* Some of the decisions also hold that this plea can only be interposed by a corporation and not by an individual dealing with such corporation.    (*Bissell* v. *Mich. South. R. R. Co.*, 22 N. Y. 258 ; *Davis* v. *Old Colony R. R. Co.*, 131 Mass. 258.) But inasmuch as the defendants cannot interpose such a plea on the ground already referred to, it is not necessary to determine the last point.

The defendants being liable for a violation of the contract entered into by them, the question then arises whether the defendant Roach is liable for moneys received by his co-defendant Stetson.    The judgment of the trial court was reversed by the General Term, as to Roach, upon the ground that he was not so liable, and affirmed as to the other defendant.    We think that the reversal was erroneous, and cannot be upheld.    The contract was a joint one.    By its terms, the defendants obligated themselves jointly to perform what was required by its conditions.    They were to promote the general interest of the company, to furnish the means requisite for carrying on the business, and to control and manage the same together as joint parties, and not as separate individuals.    They were also to make up the accounts, or cause them to be made up, and divide the profits, if any, every six months.    The duty and obligation imposed were upon them as one of the parties to the contract, and in this capacity they were to fulfill its requirements.    They were thus made responsible for each other, and there is no rule which authorizes a construction that they were only liable each for himself for the moneys received by him as an individual. The contract itself contained no such provision, and as a general rule where there is a joint obligation, there will be a joint liability.    The doctrine is well settled that where joint contractors are sued, a recovery against one discharged the liability of the others, and no action will lie afterward against the

party not included in the first suit (*Candee* v. *Smith*, 93 N. Y. 349); and upon no principle can it be held that the plaintiff was bound to sue each one of the defendants individually to recover moneys not accounted for, which were received by reason of their joint liability. It is no answer to the claim that the defendants were jointly liable to insist that the defendant Roach never received any of the money, and it is sufficient to say that he obligated himself jointly, and if he failed or neglected to receive or take charge of the money, he is not relieved from his liability as a joint contractor. Nor is he relieved from liability because the defendant Stetson was treasurer of the company, and had a right, by virtue of his office, to expend the moneys. The answer of the defendant Roach does not deny his joint contract with the defendant Stetson as the parties of the first part in the agreement, nor is it set up therein that they had relieved themselves as joint contractors, by paying the moneys to the proper officers of the corporation. He simply alleged that he never had any active participation in the affairs of the said company, and that the same were under the control and management of the defendant Stetson. He interposed no defense that the moneys received were lawfully paid over so as to relieve the defendants from responsibility. No such question is, therefore, now presented.

The claim that all the moneys were properly accounted for was disposed of by the trial court adversely to the defendants. The findings are against the defendants in this respect, and they are sufficiently sustained by the evidence.

The questions arising in reference to the different charges made by the defendants for expenses were duly considered by the referee, and no error appears to have been made by him in regard to the same.

The respondent's counsel insists that the order of the General Term is not appealable, on the ground that it is silent as to the reasons or facts which guided them to their conclusions. The rule undoubtedly is that, unless otherwise appearing, this court will assume the order to have been granted upon ques-

tions of law, and these only can be considered on appeal. In this respect, the order is clearly appealable. If the court below were influenced in their determination by questions of fact, and it was material to the defendant to make this apparent, he should have seen to it, that the order showed that the reversal was upon the facts. Having failed to do this, he is not, we think, in a position to claim that he may be denied a new trial upon grounds remote from the merits of the controversy which he is prevented from urging by reason of the silence of the order. If it was deemed important that the order should be corrected, a motion should have been made for that purpose, and thus a proper order could have been made which would have protected the rights of all the parties. It may also be remarked, that if the facts were properly reviewable upon this appeal, it is not apparent how the defendant Roach could be relieved from the liability incurred by him.

Some other questions are raised, but none of them are of sufficient importance to demand special attention.

The order of the General Term as to Roach should be reversed, and judgment of the Special Term affirmed.

All concur, except ANDREWS, J., not voting, and RAPALLO, J., absent.

Judgment accordingly.