ISAAC B. POTTER and GEORGE P. ALEXANDER, Respondents, *v.* THE NEW YORK INFANT ASYLUM, Appellant.

*Corporation — power of its president to employ counsel — when the corporation is responsible for legal services which have produced a benefit accepted by it.*

This action, brought by the plaintiffs to recover for legal services performed by them in certain proceedings instituted to restrain the board of supervisors from levying a tax upon the property of the defendant corporation, was defended by it upon the ground that the plaintiffs were not employed by resolution of the board of managers, as required by its charter, nor by any person possessing authority under any such resolution to bind the corporation. It appeared that the services were rendered at the request of the president of the corporation, who was an attorney, and in fact controlled the litigations of the

corporation; that he had employed lawyers on other occasions, who had been paid for the services so rendered.

*Held,* that the power of the president of a corporation to employ counsel in legal proceedings where the corporation is interested is well established.

*Insurance Company* v. *Oakley* (9 Paige Ch., 496); *Bank* v. *Bank* (10 Wall., 604) followed.

That, irrespective of the power of the president to employ counsel, the action could be maintained upon the ground that the work of the plaintiff was highly meritorious, and that various officers of the defendant corporation had actual notice that the plaintiffs were engaged in legal work for the corporation under the supervision of the president.

That as the corporation had enjoyed the benefits of the contract, it could not escape from such responsibility as the law implies from such acceptance and enjoyment of the benefits, by pleading an irregularity in the making of it.

APPEAL from a judgment in favor of the plaintiffs entered upon the report of a referee.

*Clark Bell,* for the appellant.

*C. J. Potter,* for the respondent.

PRATT, J. :

The plaintiffs recovered before the referee $516 for legal services performed by them in certain proceedings instituted in behalf of defendant to restrain the board of supervisors of Westchester county from levying a tax upon property of the Infant Asylum.

The performance of the service was abundantly proved and the value as found by referee is expressly conceded not to be against the weight of evidence or excessive. The ground upon which the defendant's liability is contested is that plaintiffs were not employed by resolution of the board of managers, nor by any person possessing authority under any such resolution to bind the defendant corporation; special reference being had to a clause in the charter which recites that five managers shall constitute a quorum of the board for the transaction of ordinary business, but that no contract shall be made involving an expenditure of more than $500, without the presence of a majority of the managers. The services were performed upon the request of the president of the corporation. He was an attorney-at-law, and although it is not proved that any express authority therefor was given him by the board of managers, he in fact controlled the litigations of

defendants. These were shown to be numerous. As they occupied the time of the president " night and day " he found occasion to obtain the aid of many lawyers. In no case does it appear that the board of managers were consulted in advance of employment. It would appear that in most cases the action of the president was ratified by paying for the services. In one instance not until legal proceedings were begun for collection. In the present case the services continued several months under the general supervision of the president. Plaintiff prepared the complaint in the action which the president signed as attorney for the asylum. One of the plaintiffs prepared the brief for the argument at Special Term and opened the discussion there. Upon the hearing an affidavit was used in defendant's behalf, which recited that one of the plaintiffs was counsel for the asylum. The printed argument at General Term prepared by one of the plaintiffs, was followed by the reversal of the adverse ruling at Special Term and the property of the asylum was exempted from taxation. The annual tax had been about $900 a year, and the exemption is still enjoyed. That the president of a corporation has a general authority to employ counsel to assist in legal proceedings where the corporation is interested, is well established. (*Insurance Co.* v. *Oakley*, 9 Paige Ch., 496.) So as to a cashier. (*Bank* v. *Bank*, 10 Wall., 604.)

In *Root* v. *Olcott*( 42 Hun, 536) the court say the power is indispensable for the protection of corporations, and that its abuse can be easily remedied by the removal of the indiscreet officer. Irrespective of the power of the president to employ counsel, the recovery below may be sustained upon other grounds. The work of the plaintiffs was highly meritorious. Its performance required many months; various officers of defendants had actual notice that plaintiffs were engaged in legal work for the corporation under the supervision of their president. It does not appear that they concerned themselves as to any of the conditions of the employment. The conduct of defendants can be explained in two ways. Either they had confidence in the discretion and good judgment of their president and were willing to abide by his acts, or they confided in their supposed inability to contract liabilities without a formal resolution of the board, and were willing plaintiff's services should continue to the benefit of defendants, without any corresponding liability. In

either case good morals require that the laborer should receive his hire. Nor do we find any difficulty from the restriction, in the charter, of defendants' power to contract. An infant is not bound by his contracts, yet if he purchases necessaries he is bound to respond, not for the price he has agreed to pay, but for the price the goods are reasonably worth — the price he ought to pay irrespective of any agreement. In other words, the infant not liable upon contracts made by himself is liable upon contracts made for him by the law. So a corporation which has enjoyed the benefit of a contract cannot escape such responsibility as the law implies from the acceptance and enjoyment of its benefits by pleading irregularity in the making. Even when the contract is one the corporation had no right to make, after it is executed and the benefits received, it is held that to allow the plea of *ultra vires* to prevail would be to encourage fraud. (*Rider Life Raft Co.* v. *Roach*, 97 N. Y., 381; *Whitney Arms Co.* v. *Barlow*, 63 N. Y., 70.) When, upon the request of an agent of a corporation, money has been loaned, goods supplied, or services performed, and the corporation has received the benefit, to hold it absolved from liability because the agent went beyond the letter of his power would be, in the language of the cases, to encourage fraud. As well remarked by BRADY, J., in *Root* v. *Olcott*, an abuse of the agent's power can be speedily remedied by removal of the indiscreet officer. And if the liability is restricted to a *quantum meruit*, no injustice can be done to the corporation.

It follows that the judgment appealed from should be affirmed, with costs.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment affirmed, with costs.