Barnard, P. J.
The subjects of dispute between these parties have apparently been much widened since the pleadings were framed. The complaint sets forth an agree *592 ment made by the defendant to convey four hundred burial plats to the plaintiff for $10,000. That the price was half paid at the time and the other half since, and that only about fifty lots had been conveyed. The answer admits the agreement; admits the payment of $5,000; avers a surrender of two hundred lots, but claims that there was a balance of $2,419.35 due to the association; avers that one hundred and fourteen of the purchased lots were blotted out of existence by the plaintiff, as defendant’s superintendent, in making improvements, without its knowledge, designed to raise the price of plaintiff’s lots, and the defendant claimed the right to count these lots in the conveyance to defendant of those called for by the contract.
This issue was really disposed of by the answer showing that with the surrender of the two hundred lots it was stated by the plaintiff that he had the right under the original agreement to select, in other parts of the cemetery, lots extinguished by re-survey and making avenues, and this offer to surrender the lots was accepted with the statement.
It is thus seen that the only issue to be tried was whether the $2,419.35 was paid. The referee finds that it has been overpaid by the plaintiff’s earnings as superintendent, and that there is a balance in money over to the extent of $621.14. The dates are undisputed and the amount of salary is undisputed, and the evidence fully supports the finding.. It was entirely competent for the parties to estimate that certain provisions would realize a certain amount as salary, and upon its failure, to fix a cash sum in lieu of it.
As the sum was accepted as the correct sum, two years salary, in the statement, accompanying the surrender of the 200 lots by a resolution of the defendant, it seems now to be too late to question it. The appeal, therefore, raises no point upon the trial as conducted, but it is claimed that the original contract was void because made ifi violation of the laws relating to cemeteries. The contract has been executed by the plaintiff and the defendant has received the money in full. If it was ultra vires, the defendant could not avoid it after its execution. Rider Raft Co. v. Roach, 97 N. Y., 378.
It is not ultra vires. The defendant’s duty is to sell the land exclusively for .burial purposes. The plaintiff is not attempting, and cannot put the lots to any other use, and, while the sale may savor with speculation in lots m a cemetery, the defendant should not have permitted so large a purchase by one man. Having done so, and received the money, the defendant should execute the contract. It was against the admissions in the answer. The application *593 was made after the case was tried, and it is apparent that the introduction of the name of the plaintiff’s wife, in the receipt for the money, was only formal and aimed at making a case of a sale to a person, other than the superintendent. The plaintiff was treated as the purchaser, as he really was. He paid the price, received the certificate ■of the lots given him, and made the surrender of the 200 lots. Great stress is consistently made against the contract, because it is his contract, and he was in a confidential relation to the defendant.
The plaintiff’s appeal is based upon the averment that the referee omitted to credit the plaintiff’s salary between' the dates of June 30 and November 25, 1875, which amounts tc $1,208.30, and, after allowing certain payments on these sums, in connection with a certain other sum of $830.60 for salary, as mentioned in October 30, 1875, statement $1,091.90 is claimed as the sum the referee omitted to allow plaintiff in the amount of the many sums found due the plaintiff.
The report of the referee apparently brings the services of the plaintiff down to the 25th of November, 1875. That date is stated as the last date of service, and the report states that the result is reached “after crediting him (plaintiff) with the salary and the amount allowed in the surrender of the 200 lots, there remains due from the plaintiff $621.14.”
The judgment should be, therefore, affirmed on both appeals, with costs to plaintiff upon the defendants appeal, and without costs upon the plaintiff’s appeal.
Dykman and Pratt, JJ., concur.