Barnard, P. J.
The claim made by the plaintiff cannot be supported. It is a corporation formed under chapter 555, Laws of 1864, title 9, for the purpose of managing a union free school. The voters of the school district have the power to purchase new sites for school houses and to erect new buildings. Section 10.
_ The voters appointed a committee to report upon a new site for a school house, and to report the same with the price. There were several sites under the consideration of the committee, and the plaintiff’s president, with the assent of some others of the committee, but without a formal vote, employed the defendants, as brokers, to obtain the price of the different parcels, and agreed to pay the regular commissions upon a purchase of the sites selected, which was stated to be two and one-half per cent of the purchase price. The committee was not harmonious on the site, and! the question between the two sites finally went before a regular meeting of the voters. They selected the site owned by Mr. Adee, of which the price was $5,700. Application was then made to the legislature to authorize bonds to erect the building and to purchase the “ Adeesite.” Chapter 36, Laws of 1886.
By this act the plaintiff was given sole power over the work and over the proceedings “incident to the purchasing of said site.”
This act was passed on the 8th of March, 1886, and on the-15th of August, 1886, the president of plaintiff gave a draft upon its treasurer to pay $142.50 to the defendants for “ commissions for purchasing school site,” which was paid-on the 26th of August, 1886, and the payment was reported to the board and approved. The district has power to institute proceedings for a new site, under the law of 1864, without the aid of the act of 1866. That act was-only necessary to authorized bonds for the sum of $40,000 supposed to be needed for the site and the school-house, and to authorize a purchase of the site which was purchased. The board (plaintiff) was empowered to use the moneys for the purpose of the act, among which it specified '' the purchasing the school site selected by said special meeting of the taxable inhabitants.” The contract with Mapes & Go., was beneficial, and as addressed to the purpose of a proper exercise of corporate powers, and was executed on both sides. It is too late to set up a defense of ultra vires. The Rider Raft Co. v. Roach, 97 N. Y. 378 Moore v. Mayor, 73 id., 238
The authority of the plaintiff to expend the money to be raised under the act of 1886. was abundant to authorize a broker’s commission in the purchase of the site, andas a necessary and proper incident to the purchase. The design *595 was to get the prices of different parcels, and the judgment of skilled men as to values. This information went before the committee and finally before the taxable inhabitants. The broker’s fee was the usual fee between private parties, and it did not exceed the commissions for the one lot bought and the agreement for the employment provided for no compensation in case there was no purchase made through the broker. It certainly seems clear that the authority to buy the site and build a school-house by the act of 1886, was given to the members, of the board of education and that the proceedings incident to the purchase of the site as one of the subjects for the expenditure of the money raised, was sufficient to authorize the plaintiff to pay the defendant’s bill.
The j udgment should be reversed, and a new trial granted, costs to abide the event.
Pratt and Dykman, JJ., concur.