Pratt, J.
The contract is binding upon the appellant; both by the authority of the receiver and the action of its officers. We have held that a receiver may continue and complete an elevated railway in the streets of a city where its construction had partly taken place before his appointment (Moran v. Lydecker, 27 Hun, 582), and the authorities clearly sustain the proposition that the interchangeable use of the tracks of the two companies provided for in the contract in this suit is among the common and proper powers of a railway company. The receiver appointed to, *90 operate the railway of the defendant was warranted, under the order of the court, in making the contract.
In addition, the company was not extinguished by the appointment of a receiver (Kincaid v. Dwinelle, 59 N. Y., 548), as prescribed by the express terms of the contract itself it became binding upon the company when executed by its president and secretary who affixed the corporate seal.
The testimony of Mr. Hinsdale, who joined in executing the contract, to the effect that no resolution had been passed by the board of directors authorizing the making of the contract, is rendered wholly unavailable by the obvious knowledge and acquiescence of the company. It seems that the entire contract was carried out for a period of about one year. That the defendant knew it was running a notorious line of railway, and in turn permitting the respondent to operate another on its tracks for this protracted period is too apparent for discussion, and it is, therefore, chargeable in law with knowledge of the contract under which these matters of common publicity concerning its own property were taking place.
Says the court of appeals in Rider Life Raft Co. v. Roach [97 N. Y., 381): ‘‘ Another complete and perfect answer to the objection urged is that the defendants having reaped the benefits arising from the contract, cannot, under the plea of ultra vires, seek to defraud the other parties. Even although it may have been made without expiess authority, the contract must be allowed to stand as the plainest rules of good faith demand. The rule is well settled that the plea of ultra vires would not as a general rule prevail, whether interposed for or against a corporation when it would not advance justice, hut on the contrary would accomplish a legal wrong.”
We do not think the court erred in excluding the evidence by which it was sought to be shown that the president of the company respondent, who was dead, had in some conversation with the president of appellant, assented either to a modification of the contract or to a course of procedure in violation of its provisions. It is hard to appreciate the force of this point as presented, because the counsel for appellant in arguing that a corporation may not be bound by the signatures of its president and secretary, and by its • corporate seal duly affixed to a written instrument, would seem to have precluded himself from maintaing that a corporation might be bound by a verbal understanding with its president in direct contravention of its rights as fixed by its constituted authorities in writing under seal. However, a careful scrutiny of the pleadings discloses no such defense as a variance or modification of the contract, nor that a new *91 contract was made. On the contrary, the. answer sets up that the defendant refused to carry out the contract in suit.
The learned justice was right in excluding the evidence on this ground, and in our judgment, it was inadmissible even if it had been pleaded.
A wide latitude was given to the expert testimony of the defendant, and no questions were overruled, except such as called for answers far beyond the issues of the range of such proof. Ferguson v. Hubbell, 97 N. Y., 507. In view of the fact that the defendant was to receive a percentage on the gross earnings of the line of railway, we think the trial justice correctly disposed of the questions as to whether or not such line could be profitably operated in competition with existing railways on the ground stated in his charge to the jury.
It is idle to argue that the plaintiffs’ deeds were inadmissable when its title was disputed by the pleadings, or to assert that the verdict may have been influenced by a consideration of the character of the property, when the character of the property was excluded from any such purposes, and it is plain from the rulings of the court, and the verdict of the jury, in view of all of the facts in evidence, that no such consideration entered into the verdict.
All the other rulings of the court, to which exceptions were taken, were upon matters rightfully a part of the res gestae, and for the jury to consider.
No exception was taken to the charge, requiring attention, unless it be that which refers to the estimate of damage. The position of the trial court upon this subject is more than sustained by the principle laid down by the court of appeals in Wakeman v. Wheeler & Wilson Manufacturing Co. (101 N. Y., 205). Indeed it would appear that the rule of damages less favorable to the defendant than those adopted by the court in the conduct of the trial, might have been supported upon the highest authority.
We think the judgment should be affirmed with costs.