## MAYOR, ETC., OF THE CITY OF NEW YORK v. KENT et al.

*(Superior Court of New York City, General Term.    June 3, 1889.)*

1. MUNICIPAL CORPORATIONS—CONTRACTS—LEASES—DEFECTIVE EXECUTION.

The commissioners of the sinking fund of the city of New York, under authority of law giving them full power to execute leases on behalf of the city, (Laws N. Y. 1873, c. 335, § 102,) adopted a resolution that the comptroller be authorized to lease certain premises, and a lease was accordingly executed by the comptroller to defendant.    After occupying the premises for the full term of the lease, defendant refused to pay a balance of rent remaining unpaid, claiming that the law required such leases to be signed by the clerk of the common council, and the seal of the corporation to be affixed, and that this lease was therefore invalid.    *Held*, that the execution of the lease was at most an informality, capable of being cured on demand of either party.

2. LANDLORD AND TENANT—LEASES—ESTOPPEL.

A lessee who has occupied premises for the full term of a lease, without objection, is estopped from denying the validity of such lease.

3. PRINCIPAL AND SURETY—LEASES—DISCHARGE OF SURETY.

The fact that a lessee does not join with the sureties in the execution of a joint and several bond to secure the payment of rent under a lease does not discharge the sureties from liability thereunder.

Appeal from special term.

Action by the mayor, aldermen, and commonalty of the city of New York against Mary Kent, as principal, and Mary A. Kent and Victoria L. Kent, as sureties, for rent due under a lease.    From a judgment in favor of plaintiffs, and against the sureties, the latter appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and O'GORMAN, JJ.

*Benjamin Yates*, for appellants.    *Henry B. Twombly*, for respondents.

O'GORMAN, J.    This is an appeal from a judgment entered against the defendants upon a trial at the special term, a trial by jury being waived.    The action was brought for the recovery from the defendants, as sureties, upon a bond executed by them to secure the performance by "Mary Kent" of the

covenants of a lease made by the plaintiffs to her of certain premises in the city of New York, of which the plaintiffs were owners. The lease was for a term of two years, from May 1, 1877. The lessee entered on the premises and occupied them, according to the terms of the lease, until May 1, 1879, leaving rent unpaid amounting to $750. The lease was executed in counterpart by "John Kelly, Comptroller," on behalf of the plaintiffs, and the lessee received one counterpart lease at the time of its execution. The defense is that this lease, so called, was invalid, void, and of no force or effect, on either the lessors or lessee, because executed by "John Kelly, Comptroller," inasmuch as he was not the proper officer of the plaintiffs to execute said lease on their behalf, and, further, because the clerk of the common council had not signed said lease, and attached the seal of the corporation thereto. The defendants contend that the lease being thus void, and incapable of conveying any title or interest in the premises to Mary Kent, the bond executed to secure her performance of the covenants in the lease set forth was also void and of no binding force or effect as against them. They further contend that, by reason of certain fatal defects in the bond itself, it is void.

The material facts are these: The "commissioners of the sinking fund," under authority of law giving them full power to execute leases on behalf of the city, adopted a resolution that the "comptroller" be authorized to lease the premises in question, and he proceeded to carry the resolution into effect, and executed, and signed and sealed the lease to "Mary Kent." Section 102, c. 335, Laws 1873. The lease and bond were prepared by the counsel of the plaintiffs, and there is reason for the presumption that any defect in the lease or bond was the result of inadvertence on his part. The defendants contend that the law required that the lease should be signed by the clerk, and the seal of the corporation affixed, and that the signature of "John Kelly, Comptroller," without the corporate seal, was a fatal defect, and cite various judicial decisions in support of their propositions. I have examined these decisions, and I do not think that they sufficiently sustain that proposition. On the contrary, the prevailing current of more recent judicial authority seems to me in favor of giving effect to corporate acts, even where formalities and preliminaries prescribed by law have been neglected, provided the manifest, lawful intention of the corporation be thereby carried into effect, and there is no element of fraud in the transaction itself, and no violation of justice and equity. This rule of law is held to apply with special force to cases where, as in the case at bar, the contract in dispute has ceased to be merely executory, but has, in fact, been in part carried out, and where the party dealing with the corporation, having enjoyed the advantages of the contract, seeks to escape from the performance of its obligations on the ground of defect in the text or formal execution. *Mayor* v. *Sonneborn*, 21 N. E. Rep. 121, (N. Y, Ct. App., April 16, 1889.) This liberal application of the principles of law is sustained in *Kent* v. *Mining Co.*, 78 N. Y. 183; *Arms Co.* v. *Barlow*, 63 N. Y. 62; *People* v. *Green*, 64 N. Y. 501; *Woodruff* v. *Railroad Co.*, 93 N. Y. 609; *Raft Co.* v. *Roach*, 97 N. Y. 378; and in *Starin* v. *Railroad Co.*, 19 N. E. Rep. 670, (decided by the court of appeals, January 15, 1889.) For these reasons, the execution of the lease by the "comptroller," was not, in my opinion, void, but, at the most, an informality, capable of being at any time cured, on demand of either party, and, if not objected to within reasonable time, the parties are estopped, by their own laches, from complaint.

The claim of the defense, that the sureties are not bound, by reason of defect in the execution of the lease, is, therefore, not sustained. The defendants further object that, independently of any defect in the lease, the bond itself was void, because not executed by "Mary Kent," the lessee. The bond here was joint and several, and binds all those severally who execute it. The intention of the defendants in executing the bond sufficiently appears. *Williams* v. *Marshall*, 42 Barb. 528; *Dillon* v. *Anderson*, 43 N. Y. 235; *Parker*

v. *Bradley*, 2 Hill, 584; *Decker* v. *Judson*, 16 N. Y. 439; *Loew* v. *Stocker*, 68 Pa. St. 226. The proper time for raising these objections was when these documents were executed, or soon after. It is too late to raise them now, after a long and almost suspicious silence, when their interposition only tends to promote injustice.

I am of the opinion that no error was committed at the trial, and that the judgment appealed from should be affirmed, with costs. All concur.