JOEL S. PAGE, Appellant, *v.* FRANCIS H. BENSON, WILLIAM
P. MOSS, JOHN L. BEVERIDGE, EDMUND AIKEN, H. S. MUN-
ROE, PHILO JUDSON, DAVID VAUGHAN, WILLIAM A. BILL,
C. H. FARGO and A. W. KELLOGG, Appellees.

APPEAL FROM COOK CIRCUIT COURT.

A judgment creditor, who enters satisfaction of his judgment, or causes an execution to be returned satisfied, authorizes others to treat the property of the debtor as released from the lien, incident to the judgment.

THIS was a bill in chancery, filed by appellant in the Cook Circuit Court.

The bill in substance, states, that William A. Bill, Charles H. Fargo, and A. W. Kellogg, at the November term of said court, 1856, recovered judgment against David Vaughan, for $2,000 and costs; that on the 17th day of December, 1856, said Vaughan executed to said Bill, Fargo and Kellogg, a chattel mortgage upon a certain building in Chicago, to secure the payment of the amount of said judgment, which was acknowledged and recorded.

That on April 14th, 1857, Bill, Fargo and Kellogg, sued out a writ of *fi. fa.* on said judgment, and delivered the same to the sheriff.

That on June 12th, 1857, Vaughan had paid said judgment, except about $850; that on that day, Bill, Fargo and Kellogg applied to complainant to advance them the balance due on said judgment and mortgage, offering in consideration therefor, to assign said judgment and mortgage to complainant, and assuring him that the judgment and mortgage were perfectly good and secure. That complainant accepted this proposal, paid said balance due, and received an assignment of the same on the back of said mortgage.

That said judgment was not assigned on the judgment docket of said court, nor was the assignment of the mortgage recorded. That said Bill, Fargo and Kellogg, and their attorney, were former acquaintances of his in Massachusetts, and he relied on their intelligence and good faith, to make said transaction safe; of which reliance they were well aware. But on the 27th of June, 1857, the said Bill, Fargo and Kellogg, either through mistake or fraud, gave direction to the sheriff having said writ of *fi. fa.* to return the same satisfied; and that accordingly said writ was so returned on said day. But that neither said Bill, Fargo and Kellogg, nor this complainant, have received any payment or satisfaction of said judgment and mortgage, since said assignment; that said direction was given and said

satisfaction entered without the knowledge or assent, and against the will of complainant.

That the premises conveyed, consisted of three stores in the basement, with apartments in the upper stories suitable for families. That at the time of said assignment of said judgment and mortgage on said stores and apartments, he, the said Vaughan, was occupying one suit of apartments with his family. Complainant, from the time of said assignment, and after, was permitting said Vaughan, as a favor to him, and without his paying rent, and upon his promise to pay the balance of said judgment and mortgage in at least six months, to occupy said suit of apartments, and to receive the rents of stores and other apartments, as he well might permit, according to the provisions of said mortgage.

That on or about July 21st, 1857, one F. H. Benson, without the knowledge or consent of complainant, took possession of said premises, and took the rents until October 8th, 1857, when he made an assignment, to said Beveridge and Moss, for the benefit of his creditors ; they took possession and collected the rents, till December 10th, 1857, when they sold or pretended to sell the premises to said Philo Judson, who ostensibly went into possession and is taking the rents.

That before said sale to Judson, and while said assignees were in possession, complainant moved the said court to have the return upon said writ of *fi. fa.* and the record amended according to the fact, and showing that the same was satisfied in part only ; that said application was granted on affidavits filed, and the amendment made on the 28th of November, 1857, showing said writ to be satisfied in part only, to wit, to the amount of $1,203.90.

That said Benson, and Aiken, and the said assignees, and Judson, pretend that in March, 1857, said Vaughan executed to said Aiken a mortgage of the same property, conditioned to pay a promissory note of about $2,100, by the 17th day of July, 1857, with power of sale, in case of default; that default was made, and the property sold under said power of sale, to said Benson, for about $2,160.

That before said pretended sale, and before said Benson paid the purchase money, said Benson and Aiken, and one Munroe, as agent of both, had notice that said mortgage to Bill, Fargo and Kellogg, had been assigned to complainant, and was not satisfied. That said Vaughan was present at time of assignment and concurred therein, and informed said Benson, several days previous to said sale, of the assignment thereof to complainant, and that the amount due on complainant's mortgage and judgment, was about $850.

That about the time of said pretended sale, said Vaughan, in the presence of said Benson, and before any consideration had been paid by said Benson, proposed to go and inform the complainant in reference to the matter of said sale, with a view to make arrangements for raising some funds, and that thereupon said Benson requested said Vaughan not to go near complainant, until the papers were made out. That the arrangements for said sale were conducted secretly, and the parties thereto made no inquiries of complainant as to his interest, and purposely avoided him, with a view to gain an undue advantage; that the sale was made without the knowledge of complainant; that said Vaughan was and is insolvent, and was known to be so by said Benson at the time; that said stores and tenements, at that time, would rent for about $160 per month; that said Bill, Fargo and Kellogg, have gone out of business, are unable to pay their debts, and insolvent.

Prayer is, that said sale under the Aiken mortgage, and all subsequent sales, be set aside and annulled, and complainant be reinstated in his rights under his mortgage, and that said premises be sold, and proceeds applied in satisfaction of complainant's mortgage, and for general relief.

Bill taken as confessed, as against Bill, Fargo and Kellogg, and Vaughan, Munroe and Aiken.

Benson, Beveridge and Moss, answered as follows:

That they have no knowledge of the judgment of Bill, Fargo and Kellogg, against said Vaughan, nor of the said chattel mortgage of Vaughan to Bill, Fargo and Kellogg, nor of transfer of said judgment and mortgage to complainant.

Denies that Vaughan occupied any part of the premises with permission of complainant; denies that Benson took possession on the 25th of July, 1857.

States that said Aiken took possession on the 17th of July, 1857, when the indebtedness secured by a chattel mortgage made by Vaughan to him, became due, and so held possession under said mortgage, until July 28th, when the premises were sold by said Aiken, by his attorney and agent, said Munroe, to said Benson, at public auction, under said mortgage, according to its terms; that Benson took possession by virtue of said purchase at said sale, and held possession until his assignment to Beveridge and Moss, who held possession until December 2nd, 1857, when they sold the premises to said Judson, who took possession, and that Judson held possession until February 12th, 1858, when he sold the same to one John B. King, who is now the legal and equitable owner thereof.

That they had no knowledge of the pretended rights of the complainant; deny that he, or Bill, Fargo and Kellogg, had any

rights as against the mortgage of said Aiken and those claiming under him ; deny all fraud or irregularity and illegality in making sale under the Aiken mortgage ; states that Benson paid $2,213 for said premises.

Denies that said Benson had any knowledge or intimation that said complainant had any interest in said property before the sale in said Aiken mortgage.

They say that they had no intimation or suspicion that said judgment had been assigned to said complainant; that said Benson did not caution said Vaughan not to go to said complainant for any purpose, nor at any time, nor did he say or do anything to that effect.

States that Bill, Fargo and Kellogg, lost their lien, if any they had in said premises, by not taking possession when their indebtedness, secured thereby, became due ; that said mortgage to Aiken was executed March 17th, 1857, and duly acknowledged and recorded on the 20th of same month ; that, so far as defendants were informed, the records of Cook county showed no lien on said premises on the said 28th of July, the day of said sale.

States that Vaughan held possession of the lot on which said building was situated, by a lease from C. Beers, dated May 1st, 1855, and running five years; that said lease was sold by said Aiken, at the same time and place as the sale under the chattel mortgage, and for the same consideration ; that such sale was necessary in order to convey a good title to said building.

That said Vaughan, to make a perfect transfer of all his interest therein, assigned a lease of part of said premises to said Aiken, said lease being given by Vaughan to Adler & Brother, dated April 25th, 1857. Also, a lease of another part, given by Vaughan to M. Tuck, dated May 1st, 1857 ; the first running to May 1st, 1858, the second to May 1st, 1859; that said Aiken held possession by his tenants, by virtue of last mentioned leases, until the sale, July 28th, 1857, when said leases were assigned to said Benson, and subsequently to Beveridge and Moss and Judson and King, who have respectively received rents, as landlords and owners ; insists that said defendants' rights are perfect, as against the mortgage of Bill, Fargo and Kellogg, and especially since the return of satisfaction of said execution.

States that said Beveridge, Moss and Benson, for the purpose of barring any claims that might be set up, requested Vaughan to execute a writing certifying said sale to Benson, and that said Vaughan did execute and deliver to them such an instrument.

The answer of defendant Judson is essentially the same as that of the other defendants.

The court below dismissed the bill.

PAGE & HUGHES, and GOOKINS, THOMAS & ROBERTS, for Appellant.

G. SCOVILLE, for Appellees.

CATON, C. J.   Chattel mortgage of a building on leasehold property, made to secure the amount of a judgment to be paid in two and four months from date of mortgage, and providing, also, that mortgagor might remain in possession for two years after the date of the mortgage, unless the mortgagee should sooner take possession, on condition broken.   A part of the judgment was paid, and the mortgagees, after the four months had expired, assigned the mortgage and judgment to the complainant, who did not take possession, nor have any record made of the assignment.   Afterwards the mortgagees caused an execution for the residue to be issued, and returned satisfied. Afterwards, and while the mortgagor was still in possession he executed another mortgage on the same property, under which the second mortgagee took possession, and assigned the mortgage and delivered possession to the assignee, who sold the property under the second mortgage.   On the application of the assignee of the first mortgage and the judgment, the court set aside the entry of satisfaction of the judgment, as to the residue unpaid at the time of the assignment.   The complainant filed his bill, to set aside the sale under the second mortgage, and to postpone it, till the first mortgage was paid, which bill the court below dismissed.

Two questions arise.   First, was the neglect to take possession after the expiration of the four months, fraudulent *per se,* as to the second mortgagee.   And second, did the entry of satisfaction by order of the judgment creditors, after the assignment which was not recorded, release the property from the first mortgage, as to the subsequent mortgagee ?

Whatever may be said of the first proposition, of the last we have no doubt.   The secret assignment of the judgment cannot be allowed to entrap innocent parties.   All who were not chargeable with notice of the assignment of the judgment, were justified in assuming that the judgment creditors were still the equitable owners of the judgment and first mortgage.   And when they entered satisfaction of the judgment or caused the execution to be returned satisfied, everybody ignorant of the assignment, had a right to buy or treat the property as released from the first mortgage, which was given to secure that judgment. Otherwise the grossest frauds might be practiced upon the innocent, not chargeable with laches.   Suppose the judgment debtor had paid the judgment to the judgment creditor, while ignorant

of the assignment. Could the assignee come in and say, that the payment had been made without warrant of law, or that the judgment had been paid by property at a high price? If the judgment debtor was authorized to treat the judgment creditor as authorized to receive satisfaction of the judgment, all others had a right to presume that he was authorized to enter satisfaction of the judgment, and causing the execution to be returned satisfied was equivalent to entering satisfaction, so far as this case is affected.

We think the court below decreed properly in dismissing this bill, and the decree must be affirmed.

*Decree affirmed.*