Joseph Dinet

*v.*

The People *ex rel.* Joseph Pfirshing

1. Courts of chancery — *imprisonment for failure to comply with money decree.* Whilst a court of chancery has power to commit for contempt in not complying with its decree, it is not proper to imprison for contempt on the failure of a party to pay a money decree, unless the failure is willful.

2. Practice in Supreme Court—*dismissing appeal.* If a party desires to raise the question as to the right of appeal to the Supreme Court in a cause then pending, it should be done by motion to dismiss the appeal, and if this is not done, and the case is submitted for final disposition, the right to insist upon a dismissal of the appeal on argument is waived.

Appeal from the Criminal Court of Cook county; the Hon. W. W. Farwell, Judge, presiding.

Mr. Joseph Schlernitzauer, for the appellant.

Mr. Joseph Pfirshing, for the appellee.

Mr. Justice Craig delivered the opinion of the Court:

This is an appeal prosecuted from an order made by the Criminal Court of Cook county, in the case of Elizabeth Dinet against Joseph Dinet, on the 31st day of May, 1873, that appellant, Joseph Dinet, be attached of his body for contempt of court, and be committed to the jail of Cook county, for a failure to pay Joseph Pfirshing, solicitor of Elizabeth Dinet, a certain sum of money, according to a decree of the court, entered in the cause on the 7th day of August, 1872.

It is insisted by appellee, that the statute does not provide for an appeal from the criminal court, and the appeal should be dismissed.

Waiving the question whether an appeal will lie or not, it is a sufficient answer to the position taken, that no motion was made to dismiss the appeal. If appellee had desired to avail himself of the objection now made, he should have entered a motion to dismiss. This he failed to do, but, on the contrary, appeared, made no objection to the appeal, and submitted the cause for final disposition. This was a waiver of the right to insist upon a dismissal of the appeal. *Matson* v. *Connelly*, 24 Ill. 143; *Price* v. *Pittsburgh, Ft. Wayne and Chicago Railroad Co.* 40 Ill. 44.

Several questions have been discussed by counsel in this cause, which, in the view we take of the case, it is not necessary to consider.

The real question involved is, was the court justified, under all the facts of this case, in making the order for the arrest and imprisonment of appellant?

The decree for the payment of solicitor's fees, with which it is claimed appellant failed and refused to comply, reads as follows:

"This day came the complainant, by Joseph Pfirshing and Francis Adams, her solicitors, and the defendant, by Hoyne, Horton & Hoyne, his solicitors, and on motion of said complainant's solicitors the court doth, by consent, order, adjudge and decree that Joseph Dinet, the defendant, on or before the 1st day of October, A. D. 1872, pay to Joseph Pfirshing and Francis Adams, the complainant's solicitors, the sum of eight hundred and twenty-five (825) dollars, for services rendered to the said complainant, as her solicitors in this cause, since the restoration of the same and the records thereof heretofore destroyed by fire; and that said defendant pay to Joseph Pfirshing, the complainant's solicitor, on or before the first day of November, A. D. 1872, the sum of two hundred and eighty-five (285) dollars, for services rendered to the complainant as her solicitor in this cause, from the time of the rendition of

the verdict of the jury herein until the time of the restoration of the pleadings and record of the cause, as aforesaid.

"And that the said defendant, on or before the first day of May, 1873, pay to Joseph Pfirshing, as surviving partner of Daniel Driscoll, deceased, the sum of fifteen hundred and twenty (1520) dollars, for services rendered to the complainant by said Driscoll and Pfirshing, as her solicitors in this cause, from the commencement of the same until the time of the rendition of the verdict of the jury herein."

This decree was entered on the 7th day of August, 1872. On the 3d day of May, 1873, upon notice to appellant, the court entered an order that appellant, on or before the 29th of May, show cause why an attachment should not issue against him for contempt of court.

On the 29th, by order of the court, the time was extended until the 31st day of May. On this last date, appellant appeared in court, and filed an answer, verified by his affidavit attached thereto, from which it appears, that on the 1st day of October, 1872, appellant paid Joseph Pfirshing the sum of $285 named in the decree, and that on or about the 7th day of November, 1872, he paid Francis Adams and Joseph Pfirshing the $825 named in the decree.

As to the sum of $1520 required to be paid by the decree, appellant, in his answer, avers it was paid as follows: March 12, 1870, $100; March 23, 1870, $200; April 17, 1871, $500; April 5, 1873, $720; total amount paid, $1520.

It was conceded to be true that the various amounts specified in the answer had been paid, but it is insisted by appellee that all of the sums constituting the $1520, except the amount $720, paid April the 5th, 1873, were paid in discharge of former orders of the court in the same cause, while, on the other hand, appellant claims they were to be applied in discharge of the decree of August 7th, 1872.

It is further shown by the answer, that appellant has not, intentionally or willfully, refused to comply with the decree, and this was not denied by appellee.

It is apparent from the answer, as well as the affidavits filed

by the solicitor of appellee, that appellant has honestly placed one construction upon the decree, while the solicitor of appellee has placed another and different one upon it. Which of the two constructions may be correct, is not a question we are now called upon to decide, and upon which we express no opinion. If the construction the solicitors of appellee place upon the decree be the correct one, and there remains due thereon $800, still, it does not follow that appellant was liable to be imprisoned for contempt of court on default of payment. The liberty of the citizen can not be taken away upon a pretext so slim as this.

It is declared in the constitution, that no person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors, in such manner as shall be prescribed by law, or in cases where there is strong presumption of fraud.

In the case of *Goodwillie et al.* v. *Millimann*, 56 Ill. 525, it was said by this court: " Even if a court of chancery has the power to commit a party for a failure to comply with any decree, and there is no other ground for regarding him as in contempt, the remedy seems to be harsh, and should not be resorted to unless there are no other reasonable means for its enforcement."

In a later case, while the power of courts of chancery to commit for contempt in a proper case was conceded, yet it was there held it was not proper for a court of equity to imprison for contempt on a failure of a party to pay a moneyed decree, unless the disobedience was willful. *O'Callaghan* v. *O'Callaghan*, 69 Ill. 552.

From the record before us, it does not appear that appellant willfully refused obedience to the decree. If there has been a failure to pay according to the terms of the decree, such failure arose from an honest misconception of the true construction to be placed upon it, and not from an intent on the part of appellant to set at naught or bid defiance to the decree.

Under these circumstances, according to the doctrine announced in the cases cited *supra*, we must hold in this case

that the criminal court had no power to imprison appellant for the alleged failure to comply with the decree.

The judgment of the criminal court will, therefore, be reversed.

*Judgment reversed.*