WILLIAM I. WATSON

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Conspiracy—False Pretenses—False Bookkeeping and Reports—" Obtain "—Penal Laws—Strict Construction—Want of Prosecution—Criminal Code, Starr & C. Ill. Stat. ¶ 498—Jurisdiction—Practice.*

1. False bookkeeping and false reports to conceal an embezzlement will not support a charge of conspiracy to obtain money by false pretenses.

2. The word " obtain " is not used in the statute as synonymous with the word " retain."

3. Penal laws are strictly construed. The law regards primary or proximate, not secondary or remote causes.

4. The term at which the accused is committed is not regarded as the first term under the statute providing for a discharge for want of prosecution. Where the defendant is on bail, it will be presumed that the case was

continued at a subsequent term or terms by mutual consent, unless the record shows that he appeared and demanded trial.

5.  This court will not consider a suggestion that it is without jurisdiction of an appeal where the case has been presented on the merits by briefs on both sides.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. THOMAS J. WALSH, for appellant.

In order that money may be obtained by false pretenses, it is requisite that the possession of the money be in some person other than the accused, for it is necessary to prove a delivery of the property.  Parker *ex parte*, 11 Neb. 309; Morgan v. State, 42 Ark. 131.  Imposition is an essential element of the crime; but for a man to impose on himself is impossible. The obtaining money by false pretenses presupposes some hinderance in the way which is to be removed by practicing some kind of deceit.

There was no hinderance of that kind for these defendants to remove.  There was no opposing mind to play upon.  The money had already been obtained by them without false pretenses from persons who had purchased merchandise of the Ansonia Clock Company, and had been received by the defendants in pursuance of their duty as agents of the company. For retaining money a different statute is provided.

There was no money delivered to the defendants, or expected to be delivered to them, with the intention of transferring to them the ownership of it.  The money they received came to their possession as agents of the Ansonia Clock Company, and their possession was the possession of the Ansonia Clock Company.  Johnson v. People, 113 Ill. 99.  But in order that goods or money can be "obtained" by false pretenses, it is not sufficient that the possession pass, but the property also must be transferred; and where the possession merely is obtained by false pretenses, and the property is afterward converted, this is not obtaining by false pretenses, but embezzle-

ment or larceny.    State v. Vickery, 19 Tex. 326; 2 Russell on Crimes, 663 n. ; State v. Anderson, 47 Iowa, 142.

If a person should obtain employment by false pretenses and then embezzle the money of his employer is he guilty of obtaining money by false pretenses?    The authorities say not; for it is requisite that the false pretenses should be the immediate cause of the transfer of the property.    R. v. Gardner, 36 Eng. L. & Eq. 640; R. v. Jones, 15 Cox C. C. 475 ; Wharton Crim. Law, Sec. 1175.    And following this doctrine it is held that obtaining credit by false pretenses is not within this statute.    R. v. Eagleton, 6 Cox C. C. 559 ; R. v. Wavell, 1 Mood C. C. 224.

Messrs. JOEL M. LONGENECKER, State's Attorney, and WEIGLEY, BULKLEY & GRAY, for appellees.

GARY, J.    The suggestion in appellee's brief, that criminal cases do not come to this court by appeal, and therefore this appeal should be dismissed, is answered by Dinet v. People, 73 Ill. 183, the case having been presented on the merits by briefs on both sides.

The position of the appellant that he ought to have been discharged for the delay in bringing him to trial, is not well taken.    He was arrested April 14, 1887.    The April term is not to be counted as the first term.    Ochs v. People, 25 Ill. App. 379, 124 Ill. 399.    At the May term the cause was continued by agreement.    At the June term he pleaded not guilty and gave bail, but no other step was taken in the case. In Gallagher v. People, 88 Ill. 335, the Supreme Court adopt the construction which had been long acted upon by the Criminal Court of Cook County, that when a defendant is on bail, he must, in order that a term shall count, appear and ask a trial at such term, and if the record does not show that he did so, it will be presumed that the case was continued by consent of the people and the defendant.    So the June term is not to be counted, as there was yet half the term unexpired when he gave bail.    At the July term the case was continued by agreement to the October term, at which term, for the first time, he demanded a trial, and the trial was at the November term.

The case of Gallagher came from Champaign County, in which terms of the Circuit Court were held in March and September of each year.

He was indicted and gave bail at the September term, 1874, and his bail was forfeited at the September term, 1876. The record did not "show that the various continuances were had on the application of the people, or that the accused was present ready for, and demanding a trial."

But on the merits of the case the evidence fails to show the guilt of the defendant. This indictment is for a conspiracy "to obtain  *  *  * from the said Ansonia Clock Company by false pretenses" money, etc. The evidence shows false bookkeeping and false reports to the home office, by the defendant, by which the fact that their money had been embezzled was concealed, but no representation, false or true, upon the faith of which anything ever came to the hands of the defendant, or his co-defendant, Gledhill.

There is no evidence, except the inference that there must have been some gain to induce the defendant to falsify the books and make false reports, that he used any of the money.

The evidence is not inconsistent with his own version, that he only did what his superior, Gledhill, told him to do. That matter, however, would be for the jury to decide, if any money was obtained by such false books and reports. Their falsity was wholly as to past transactions. The appellees endeavor, by two separate propositions, to bring the acts of the defendant within the charge in the indictment.

First, by the false books and reports the defendants did "enable themselves to retain large sums of money belonging to the company and to continue in their capacities as employes, and in the future to obtain other moneys;" and second, that "obtain" may be used as synonymous with "retain."

The answers to the first proposition are, that penal laws are to be construed strictly (People v. Peacock, 98 Ill. 172), and that the law regards primary or proximate, and not secondary or remote causes (Broom's Legal Maxims, 216); and therefore false pretenses by which one remains in a position in which he may obtain money, even if he does intend to abuse

the facilities which that position gives him, are not false pretenses by which the money he afterward embezzles was obtained.

The word "obtain" is used in the statute, not in any antiquated and obsolete sense, but in its ordinary and popular signification, as an active verb meaning to acquire.

The conviction can not be sustained on the ground that so much of the indictment as relates to obtaining may be treated as surplusage, and the indictment be held good as a common law indictment for a conspiracy to defraud the company. As such it is not a good indictment. Commonwealth v. Eastman, 1 Cush. 189.

This view of the case makes it necessary to examine the other questions presented by the record. As the case is reversed upon the merits, it will not be remanded.

*Reversed and remanded.*