## NICHOLAS DIEDRICH, SR.,

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS ET AL.

*Injunctions—Contracts—Sale—Exclusive Right of—Practice.*

1. An injunction obtained to protect a merely private right, is so far within the control of the party obtaining it, and a matter of individual concern, that only those persons who have a present interest in the right to be protected, can be heard to complain of its violation.

2. The exclusive right of a given person in a special territory, the same having been set off to him under a decree based upon an agreement entered into by him with others touching the sale of an article named, is assignable either gratuitously or for value.

3. The filing of a brief on the merits by the appellee amounts to a waiver of the irregularity of bringing a case to this court by appeal and not on a writ of error.

[Opinion filed January 16, 1891.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Mr. JOHN M. HAMILTON, for appellant.

Messrs. THOMAS C. KERRICK and I. K. BOYESEN, for appellees.

GARY, J.   To the May term, 1882, of the Circuit Court, the Ruttan Manufacturing Company, and Horace W. Soper, Clinton P. Soper and Charles B. Rogers, the three latter composing the firm of Soper & Rogers, filed a bill in chancery, the principal object of which was to restrain the appellant, Nicholas Diedrich, Sr., and David S. Hayes, who were made defendants thereto, from manufacturing a certain style of furnaces known as the Ruttan furnaces.  The right to the relief prayed was based upon an alleged agreement between Soper and Rogers on the one part and the appellant of the other, by which he had sold to them patterns for the furnaces at a large price, and agreed not to manufacture, or be interested in, furnaces of that style thereafter.

It alleged that the appellant, in connection with the other defendants who were alleged, in effect, to act under him, were, in violation of that agreement, manufacturing the furnaces. On this record, it seems, though it does not expressly appear, that that bill was never brought to a hearing.

On the second day of January, 1886, an agreement was made between Nicholas Diedrich, Jr., and David S. Hayes, of the first part, other persons not necessary to mention, except that the Ruttan Company was among them, of the second and third parts, and Horace W. Soper, Clinton P. Soper and Charles B. Rogers, of the fourth part, by which agreement certain territory was set off to Nicholas Diedrich, Jr., and David S. Hayes, as theirs exclusively, in which to deal in these furnaces, and on which agreement a form of a decree to be entered in the suit was to be settled.

That decree was entered, and in it was a perpetual injunction against the appellant, restraining him from all further meddling with the furnaces, anywhere. He was no party to the agreement. It does not appear that he had any knowledge of it, or that the decree had his assent.

It is undoubtedly the law, as stated in High on Injunctions, Sec. 1416, that the fact that an injunction has been granted erroneously affords no justification or excuse for its violation before it has been properly dissolved, but it may well be questioned whether the court will be zealous in support of its dignity, where it has exercised no judicial function, and where, " in point of fact," the injunction is " the mere act of the parties," among whom was not the party enjoined. See cases cited at pp. 434–5, in Wadhams v. Gay, 73 Ill. 415. It is conceded that whatever the appellant has done in violation of the injunction, has been done in the territory set off by the agreement to Nicholas Diedrich, Jr., and David S. Hayes.

The business is conducted in the name of a corporation of which Nicholas Diedrich, Jr., is a paid employe. David S. Hayes is out of the business, and engaged in other business, outside of the territory. It is fairly inferable that he is aware of the conduct of the appellant and has no objection to it. If, therefore, the license of Nicholas Diedrich, Jr., and

David S. Hayes is a justification to the appellant, he has that license.

The exclusive right to the territory, so far as the agreement under which the decree was entered could make it of value, belonged to both Nicholas Diedrich, Jr., and David S. Hayes, and each of them was, so far as the agreement gave it value, entitled to enjoy it, and to employ others to aid him in so doing. And they might for value or gratuitously assign it, or either of them might assign his interest in it. In short they might deal with it unrestrictedly as their own, without consultation with, or responsibility to, the Ruttan Company, or Soper & Rogers.

The proceedings under which the appellant was fined for contempt for violating the injunction were set on foot by an affidavit of Clinton P. Soper, and appear to have for their object (or at least no other object does appear), the protection of the interest of the complainants in the original bill. But they had no interest in the territory where the acts of the appellant, which are treated as a contempt, were performed. They had, by the agreement, excluded themselves from it, under penalties.

"An injunction obtained to protect a merely private right, is so far within the control of the party obtaining it, and is so far a matter of individual concern, that only those persons who have a present interest in the right to be protected, can be heard to complain of its violation." Secor v. Singleton, 35 Fed. R. 376. Much authority is there cited in support of that proposition, and therewith accords Crook v. The People, 16 Ill. 534.

Under the agreement the injunction was for the protection of the complainants only as to territory other than that they had excluded themselves from, and as to such territory the appellant is without fault. He ought not, therefore, to be punished for what he has done, and the order fining him is reversed with directions to the Circuit Court to discharge the rule upon the appellant to show cause, and dismiss the appellant.

That the case is here by appeal, and not on a writ of error,

if irregular in form, is waived by the filing of a brief on the merits by the appellees. Watson v. People, 27 Ill. App. 493.

*Reversed and remanded.*