EDWARD H. NEVITT, TRUSTEE, ETC.,

v.

JAMES H. WOODBURN.

*Officers—Power of Circuit Court Judge in Vacation—Order for Payment of Money—Appeal from, When Lies.*

1.  A judge of the Circuit Court can exercise in vacation only such judicial functions as are expressly authorized by statute.

2.  An unconditional order for the payment of money within a certain time is a final order, from which an appeal lies.

[Opinion filed December 12, 1892.]

IN ERROR to the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding.

Messrs. J. & J. DINSMOOR, for plaintiff in error.

Mr. JOHN G. MANAHAN, for defendant in error.

MR. JUSTICE HARKER.  On the 5th of April, 1883, Edward H. Nevitt was appointed by the Circuit Court of Whiteside County trustee, under the will of George W. Woodburn, deceased.  James H. Woodburn is the son, and Phoebe A. Woodburn is the widow of the deceased.  In a suit pending on appeal in this court, a judgment was rendered against Phoebe A. Woodburn, in favor of James H. Woodburn for costs, amounting to $285.95.

On the 17th of April, 1891, the Hon. John D. Crabtree, judge of the Whiteside Circuit Court, in vacation, made an order on the application of James H. Woodburn to the trustee, to pay out of any funds in his hands belonging to Phoebe A. Woodburn the said sum of $285.95 and interest thereon to James H. Woodburn.  The order not having been obeyed, the Circuit Court at the October term, 1891,

brought the trustee before it, and entered an order directing him to comply with the order of April 17, 1891, for payment of the $285.95, and that unless the order should be complied with in ten days the trustee would be adjudged in contempt of court. From the last mentioned order Nevitt prosecuted this writ of error.

We are of the opinion that the order, made by the judge in vacation, was void. A circuit judge can exercise in vacation only such judicial functions as are expressly authorized by statute. Hammock v. Loan and Trust Co., 105 U. S. 77. Sec. 72, Chap. 37, 1 Starr & Ill. Stats. 710, prescribes the powers which a circuit judge may exercise in vacation. This order was not for the purpose of carrying into effect any decree previously entered by the Circuit Court. The order entered at the October term following was not an order finding an amount to be paid by the trustee, but simply one directing the payment of $285.95 to James H. Woodburn; that order was without authority. The court could not determine the rights of the parties and direct the payment of Phoebe A. Woodburn's debt in the manner attempted to be done.

Defendant in error, before this case was taken on call, entered his written motion to dismiss, for the reasons, first, that Nevitt, the plaintiff in error, is not a party to the record in the cause pending below; second, that the order sought to be reviewed is merely interlocutory; third, that the order sought to be reviewed is merely directory as to the disbursement of money in the hands of the court's custodians, and concerning which the trustee has no personal interest. The motion was taken with the case.

In our opinion the plaintiff in error was so affected by the order as to entitle him to prosecute a writ of error. The order provided that unless obeyed he would be adjudged in contempt. It was not interlocutory but final. It directed the payment of $285.95 within ten days. An unconditional order for the payment of money within a certain time is a final order, from which an appeal lies. People v. Pendergast, 117 Ill. 588.

The motion to dismiss will be overruled, and the order of the October term, 1891, of the Circuit Court, entered on the 11th day of November, 1891, will be reversed but not remanded.

*Order reversed.*