## Brady v. The People of the State of Illinois.

1. APPEAL—*People Cases—Waiver.*—Where a criminal case for a misdemeanor is brought to the Appellate Court by appeal, and the appellee appears and fails to move to dismiss the appeal, the question as to whether an appeal will lie from the Criminal Court, is waived.

2. CRIMINAL LAW—*Continuance to a Third Term.*—Under section 438 of the Criminal Code, the court has no authority to continue a cause to a third term, except it is made to appear by the oath or affirmation of some one, that the witnesses for the State are absent and the materiality of their testimony shown.

Memorandum.—Criminal law. Appeal from the Criminal Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1893, and reversed. Opinion filed April 6, 1893.

The opinion states the case.

DONAHOE & DAVID, attorneys for appellant.

JACOB J. KERN, State's Attorney, for defendant.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT:

This cause has come here by appeal. The appellee having appeared in this court, and not having moved to dismiss the appeal, the question as to whether an appeal will lie from the Criminal Court in a case of this kind, is waived. Dinet v. The People, 73 Ill. 183; Watson v. The People, 27 Ill. App. 493; Mohler v. The People, 24 Ill. 26.

The appellant was indicted and gave bail at the March term, 1891, of the Criminal Court of Cook County, being charged with certain misdemeanors.

Not being brought to trial, he appeared in court at the July term, 1892, and demanded a trial. Trial at that term being denied him he appeared in court again, at the August term, 1892, and demanded trial.

Without any showing being made on behalf of the people

for a continuance to a third term, the court overruled the motion for a trial at the August term, and of its own motion continued the cause until the next, or September term.

On the second day of the September term, appellant again appeared in court and moved to be discharged for want of prosecution, and in support of such motion read his affidavit, wherein, among other things, what occurred in court when the demand for trial was made at the August term, was stated as follows:

" That the court asked the state's attorney if he wanted the cause continued until the next term, and on receiving an affirmative answer, ordered the case continued; that his attorneys objected to such continuance without a showing being made as required by the statutes. But the court stated that it would require no showing; that neither the state's attorney, nor any one representing the prosecution made oath or affirmation that the witnesses for the people, or any of them, were absent or unable to be present at the August term, nor did any person state to the court on oath or affirmation, or without oath or affirmation having been made, that the witnesses for the people, or any of them, were absent or unable to be present at said August term, A. D. 1892, of said court."

That affidavit stands in the record uncontradicted, and must therefore be taken as true. Nevertheless the court overruled appellant's motion to be discharged.

At a subsequent date in the said September term, the appellant was put on trial, found guilty, and fined $500.

The record while bringing up the whole cause, particularly challenges the correctness of the ruling of the Criminal Court in refusing to discharge the appellant, when moved thereunto at the September term.

Section 438 of the Criminal Code (Hurd's Rev. Stat. 1891), is as follows:

" Any person committed for a criminal, or supposed criminal matter, and not admitted to bail, and not tried at or before the second term of the court, having jurisdiction of the offense, shall be set at liberty by the court, unless

the delay shall happen on the application of the prisoner. If the court, at the second term, shall be satisfied that due exertions have been made to procure the evidence for and on behalf of the people, and that there are reasonable grounds to believe that such evidence may be procured at the third term, it shall have power to continue such case till the third term. If any such prisoner shall have been admitted to bail for a crime, other than a capital offense, the court may continue the trial of said cause to a third term, if it shall appear by oath or affirmation that the witnesses for the people of the State are absent, such witnesses being mentioned by name, and the court shown wherein their testimony is material."

Here two classes of cases are provided for. One, for persons imprisoned and not admitted to bail, and the other, for persons under bail and not imprisoned. The case at bar belongs to the latter.

It is by virtue only of the statutes of this State, that the offense with which appellant was charged, is made punishable. The same authority entitled him to be discharged under the circumstances prescribed by the section of the statute above quoted.

That the circumstances contemplated by the statute had arisen in the case of appellant seems very clear from a reading of the facts which we have recited.

Fifteen full terms of court had elapsed after his indictment and admission to bail, without any effort having been made by the people to bring him to trial. He then appeared at two successive terms and demanded to be tried, and a trial was denied him without any showing of reason for a further continuance.

Under the last clause of the section of the statute quoted, the court had no authority to continue his cause to a third term, except it was made to appear by the oath or affirmation of some one that the witnesses for the State were absent and the materiality of their testimony shown.

Having demanded trial at two successive terms after the term in which the indictment was returned and bail given,

and those terms having elapsed without a trial being granted to him, the appellant was entitled to have been discharged, on his motion therefor on the coming in of court at the next ensuing, or third term, and it was error to put the appellant on trial at that term. Gallagher v. The People, 88 Ill. 335; Watson v. The People, 27 Ill. App. 493.

The appellant should have been discharged on his motion made at the September term.

The judgment of the Criminal Court will therefore be reversed.