## Beauregard F. Moseley v. The People, etc.

1. CONTEMPT OF COURT—*For a Mere Failure to Comply with a Decree.*—A party can not be legally declared in contempt for a mere failure to comply with a decree or judgment of court.

Contempt of Court.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Reversed. Opinion filed April 18, 1902.

This is an appeal from an order imposing on appellant a fine of $500 for contempt of court and committing him to jail until he should comply with a certain decree of court theretofore entered. The decree of court entered July 3, 1900, was finding " that Moseley and Odom, on May 25, 1897, took forcible possession " of the personal property mentioned in complainant's bill, and it was " ordered, adjudged and decreed by the court that said defendants, Beauregard F. Moseley and J. C. Odom, surrender and restore to the complainants, within ten days from this date, all of the property in the amended bill of complaint herein

described, free and clear of all liens or charges incurred by reason of said wrongful taking." The property mentioned in the bill was personal property—household goods.

September 20, 1900, an order of court was entered on Moseley and Odom to show cause why they should not be attached for contempt in failure to obey the decree. To this rule Moseley made answer setting forth the facts as follows:

"That the property described in said decree was at the time the decree was entered against your respondent in favor of the complainants, Eliza Crowhurst and Charles Crowhurst, to their knowledge, in the possession of one S. H. Gwathney, doing business as the Economical Storage and Express Company at 641 West Sixty-third street, Chicago, Illinois, and that your respondent has no control, business connection or power over the said S. H. Gwathney.

That the decree orders the return of property held by a third party—S. H. Gwathney—whose charges for storage upon said property decreed to be returned amount to $206.51 which the said S. H. Gwathney demands before he will turn said property over to your respondent or to the complainants in the decree.

That your respondent has not $206.51 or any other sum of money wherewith he can pay or cause to be paid to the said S. H. Gwathney this amount required as the charges upon said property before its delivery.

That your respondent has offered to execute his note to the said S. H. Gwathney for the amount of money due the said S. H. Gwathney for storage upon the property described in the decree, and that the said S. H. Gwathney has refused to accept said note or to deliver said property to your respondent or to the complainants in the decree, and that your respondent is powerless to make him do so.

That this respondent is insolvent and without means to comply with the decree in regard to the returning of the property therein described, and that the failure of this respondent to comply with said decree is not willful nor a desire to ignore the mandates of this honorable court.

Respondent disclaims any intentions to treat the court with disrespect or to willfully disregard its orders, mandates or decree, but states the fact to be that he has been actuated and governed alone by circumstances over which he has no control.

BEAUREGARD F. MOSELEY."

" Subscribed and sworn to before me this 29th day of September, 1900.

EDWARD E. WILSON,
Notary Public."

The order of commitment recites that the answer of Moseley is found insufficient and that Odom made default, and proceeds as follows:

" It is therefore adjudged and decreed that a mittimus in attachment issue instanter against said Beauregard F. Moseley and Jeremiah C. Odom for such contempt of court; and the said Moseley being now in court, is found guilty of contempt of this court in not complying with the terms of said decree; and the said Beauregard F. Moseley is hereby sentenced to pay a fine of $500 and is committed to the common jail of said county in default of paying such fine until the same shall be paid, and until he shall comply with this order and the terms of said decree, unless sooner discharged by due process of law."

EDWARD H. MORRIS and EDWARD E. WILSON, attorneys for appellant.

WM. ANNAN TAYLOR, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The Circuit Court, neither in the decree out of which the contempt proceedings grew nor subsequently, found that it was within the power of appellant to comply with the decree or any portion thereof.

Appellant has been fined $500 and ordered to be committed to jail, not for anything that he has done, but for a failure to do that which his answer to the rule shows he can not do.

This is not an appeal from the decree; that stands and can be enforced like other decrees for the surrender or transfer of personal property.

A party can not be declared in contempt for the mere failure to comply with a decree or judgment of court.

Contempt is willful and can not arise from mere inability. O'Callaghan v. O'Callaghan, 69 Ill. 554; Dinet v. People, 73 Ill. 183; Rapalje on Contempts, Sec. 137.

One, indeed, might be guilty of contempt if he willfully placed himself in a position where he was unable to obey a decree; but nothing of the kind appears in this case.

The answer of appellant, if true, shows that he was not guilty of contempt in failing to comply with the decree of court.

The order of the Circuit Court is reversed.