Skakel v. The People.

William Skakel v. The People of the State of Illinois.

Gen. No. 10,421.

1. TRIAL—*when a, must be granted in a criminal case.* In computing when a defendant who has been admitted to bail for an alleged offense other than a capital one, and who has made the statutory demand, should be tried, it must be considered that the four months provided by the statute are those following admission to bail, and that the term of such admission to bail must be excluded.

2. TRIAL—*when demand for, must be made in criminal case.* The demand for a trial in a criminal case may be made either within the period fixed by the statute referred to in the preceding paragraph, or after the lapse of such period. If, however, the demand is made after the lapse of such period, then the accused is entitled to trial at the term next ensuing the term of demand.

3. TRIAL—*when a, in a criminal case has not begun.* The trial of a criminal case, technically, has not begun at a term at which some jurors are called and excused without having been sworn to answer questions, and the case thereupon continued to the ensuing term.

Indictment for violation of "Slot Machine Act." Error to the Criminal Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Heard in this court at the October term, 1903. Reversed. Opinion filed December 21, 1903. Rehearing denied January 14, 1904.

No appearance or briefs on behalf of either party, except upon petition for rehearing, in which CHARLES S. DENEEN, State's Attorney, and ALBERT C. BARNES, Assistant State's Attorney, appeared for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Plaintiff in error was indicted July 30, 1897, at the July term, 1897, of the Criminal Court of Cook County, for alleged violations of section 1 of an act approved and in force June 21, 1895, entitled "An act to prohibit the use of clock, tape, slot or other machines, or devices, for gambling purposes." Hurd's Stat. 1901, parag. 137 f, p. 617.

He was admitted to bail July 30, 1897. No further proceedings in the cause were had until July 12, 1898, a day of the July term, 1898, when Skakel appeared and demanded a trial. He also appeared and demanded a trial on each of the first days of the August, September and October terms, 1898, of the court. November 5, 1898, which was Saturday and the last day of the October term, 1898, the state's attorney moved the court to continue the cause to some term of the court to be held within seventy days from November 5, 1898, which motion the court overruled, when, the plaintiff in error having pleaded not guilty to the indictment, it was ordered that a jury come, and six jurors were called, but only five responded to their names, and it was ordered by the court that said five jurors should be excused until the next Monday morning. On the next Monday morning, which was November 7, 1898, and the first day of the November term, 1898, of the court, plaintiff in error, personally and by counsel, appeared and filed a plea, in substance as follows: "For that on the 30th day of July, 1897, the indictment was returned; that on the day following defendant gave bail; that on the first day of the July, 1898, term, this cause not having been called for trial, or otherwise prosecuted, defendant personally ap-

peared before this honorable court and made formal demand for trial of this cause, which demand for trial was entered upon the records of this court; that on the first day of the August, 1898, term of this court, defendant again personally appeared and made formal demand for trial, which demand was entered upon the records of this court; that on the first day of the September, 1898, term of this court, defendant again personally appeared and made formal demand for trial, which demand was duly entered of record in this court; that again on the first day of the October, 1898, term of this court defendant again personally appeared in this court and made formal demand for trial of this cause, which demand was duly entered of record in this court. Defendant avers that notwithstanding said four several consecutive demands for trial of this cause at four several consecutive terms of this court, the state's attorney of Cook County declined and refused to bring this cause on for trial, or in any manner prosecute the same, and that no proceedings whatever were taken herein until late on the 5th day of November, 1898, the same being Saturday and the last day of the October, 1898, term of this honorable court, when said state's attorney filed a motion in this cause for a continuance thereof to some term of this court to be held within seventy days from said 5th day of November, 1898, which said motion, after argument and due consideration by the court, was overruled, and this honorable court declined and refused to continue this cause, and the ruling of said court upon said motion was duly entered of record in this court; and defendant here presents to said court said order overruling said motion for a continuance, and said several entries of said several demands for trial and makes each and all of them a part of defendant's special plea herein. Defendant avers that upon the overruling of said motion for a continuance as herein set forth, the state's attorney, representing the prosecution, demanded the immediate trial of this cause, and thereupon six jurors were called, one of whom was upon his request excused and dis-

charged from further service as a juror in this court; that
there remained but five jurors in the box; that no other
jurors were present in said court; that not being able to fill
said box with twelve jurors said five jurors were dismissed
for the day; that said jurors were neither sworn to try the
case, nor were they sworn to answer questions touching
their competency to serve, nor was any oath administered
to said jurors touching the hearing of this cause, nor were
any of said jurors interrogated touching the case in any re-
spect, nor was the trial of this cause begun or entered upon
in any respect upon said 5th day of November, 1898.   De-
fendant avers that said October, 1898, term of this court
has fully expired without said defendant having been tried
or placed upon trial herein, and without this cause having
been continued by the court, wherefore defendant demands
judgment whether he be required to further defend this ac-
tion, and prays that he be dismissed out of court, and that
his bail be exonerated."

The state's attorney demurred orally to said plea in abate-
ment, and the court, after argument, sustained the demurrer,
to which plaintiff in error excepted.

A jury was then empaneled and sworn, and, November
11, 1898, returned a verdict of guilty, and the court, April
15, 1899, after overruling a motion for a new trial, sen-
tenced plaintiff in error to pay a fine of $500.

The question is whether, on the facts stated, plaintiff in
error was entitled to be discharged.   Prior to July, 1895,
the law relating to the question was as follows:

"Any person committed for a criminal, or supposed crim-
inal matter, and not admitted to bail, and not tried at or
before the second term of the court having jurisdiction of
the offense, shall be set at liberty by the court, unless the
delay shall happen on application of the prisoner.   If the
court, at the second term, shall be satisfied that due exer-
tions have been made to procure the evidence for and on
behalf of the people, and that there are reasonable grounds
to believe that such evidence may be procured at the third
term, it shall have power to continue such case till the third
term.   If any such prisoner shall have been admitted to
bail for a crime other than a capital offense, the court may

continue the trial of said cause to a third term, if it shall appear by oath or affirmation that the witness for the people of the state are absent, such witnesses being mentioned by name, and the court shown wherein their testimony is material." Hurd's Stat. 1893, p. 538, parag. 438.

By section 18 of an act in force July 1, 1895, the section above quoted was amended to read as follows:

"Any person committed for a criminal or supposed criminal offense, and not admitted to bail, and not tried at some term of the court having jurisdiction of the offense commencing within four months of the date of commitment, or if there is no term commencing within that time, then at or before the first term commencing after said four months, shall be set at liberty by the court, unless the delay shall happen on application of the prisoner, or unless the court is satisfied that due exertion has been made to procure the evidence on the part of the people and that there is reasonable grounds to believe that such evidence maybe procured at the next term, in which case the court may continue the case to the next term. If any such person shall have been admitted to bail for an alleged offense other than a capital offense, he shall be entitled, on demand, to be tried at some term commencing within four months after he has been admitted to bail, if there is a term of court within that time at which he may be tried; if not, then at the first term after the expiration of said four months; provided, that if the court shall be satisfied that due exertions have been made to procure the evidence on behalf of the people, and that there is reasonable ground to believe such evidence may be procured at the next term or at some term to commence within seventy days thereafter, the court may continue the cause to such term." Hurd's Stat. 1901, p. 660, parag. 438.

The language of the section applicable in the present case is:

"If any such person shall have been admitted to bail for an alleged offense other than a capital offense, he shall be entitled, on demand, to be tried at some term commencing within four months after he has been admitted to bail, if there is a term of court within that time at which he may be tried; if not, then at the first term after the expiration of said four months."

There are twelve terms yearly of the Criminal Court of

Cook County, commencing on the first Monday of each month. The four months mentioned in the statute are the four months after the accused has been admitted to bail, and in estimating these four months, the term at which the accused was admitted to bail must be excluded. Ochs v. The People, 124 Ill. 399, 408; Gillespie v. The People, 176 Ill. 238, 241.

The statute makes no reference to a demand by a defendant for a trial, except within the four months next succeeding admission to bail, and plaintiff in error made no demand within that time. This, however, did not preclude him from making a demand after the expiration of the four months. The object of the statute is to insure to the accused a reasonably speedy trial, in accordance with section 9 of the bill of rights, which declares that the accused hath a right to have, in prosecutions by indictment, or information, a speedy public trial by an impartial jury. In Ochs v. The People, *supra*, the court, commenting on original section 438 of the criminal code quoted *supra*, say:

" The object of this provision of the statute appears to be to fix an absolute limit of time within which the prosecution must bring the prisoner to trial, and beyond which there shall be no continuance on account of the absence of evidence for the people, and to fix, as this limit, three terms of the court."

To the same effect is Brady v. The People, 51 Ill. App. 112. In The People v. Matson, 129 Ill. 591, the court, commenting on original section 438, say:

" The statute is in conservation of the liberty of the citizen, and is intended, as said by counsel, to give effect to the clear constitutional right to a speedy trial, and it is, therefore, to be construed liberally."

Amended section 438 seems to fix, as a reasonable time to bring to trial an accused person who has been admitted to bail, the four months next succeeding the term at which he is admitted to bail, if during such time there is a term of the court, but if not, within seventy days after the expiration of the four months. Very clearly, it was not the intention of the legislature that, if the accused does not

demand a trial within the four months next succeeding the term at which he was admitted to bail, the state may delay the prosecution *ad libitum*.

The contention of counsel for defendant in error is, that the first demand for a trial having been made at the July term, 1898, the defendant in error had four months from that term, or until the November term, 1898, in which to bring plaintiff in error to trial, and that on the hypothesis that the trial was not commenced at the October term, which counsel for plaintiff in error contend, the accused was properly tried at the November, 1898, term, and therefore was not entitled to be discharged. We cannot sustain this contention. The demand mentioned in amended section 438 is evidently a demand made within the four months after the accused has been admitted to bail, and the four months therein mentioned are (as the section has been construed) the four months next succeeding the term at which the accused was admitted to bail. The provision with regard to the four months and to the demand has no application whatever to a demand made after the expiration of four months from the term at which the accused was admitted to bail. We find nothing in the statute to warrant the assumption that, if the accused demands a trial at a term after the expiration of the time mentioned in the statute, the state has four months next succeeding the term at which the demand was made within which to bring the accused to trial.

In the present case, plaintiff in error was admitted to bail at the July term, 1897, of the court, and did not demand a trial until the July term, 1898, of the court. We are of opinion that, in determining when plaintiff in error was entitled to a trial, by reason of that demand, the July term, 1898, should be excluded, in analogy to the exclusion of the term at which an accused person is admitted to bail (Ochs v. The People, *supra*), but that, excluding the July term, he was entitled to a trial at the August term, 1898, of the court. He was denied a trial at the August, September and October terms of the court, at each of which terms he demanded a trial.

It is contended that the trial commenced on the last day of the October term, 1898, although no jurors were ever sworn to answer questions, but were merely called, answered to their names, and were excused till the first day of the next or November term. While we think it clear that the trial did not commence until the November term, 1898, we do not deem it necessary to discuss the question, in view of the conclusion at which we have arrived, namely, that plaintiff in error was entitled to be discharged, and that the court erred in compelling him to submit to a trial.

The judgment will be reversed.

*Reversed.*