## Hugh L. Burnham v. George F. Barrett, Receiver of the Estate of Gay Dorn.

### Gen. No. 13,381.

1. RECEIVER—*when order requiring payment of money to, erroneous.* It is error to require money to be paid to a receiver whose right thereto is not established, notwithstanding the party ordered to pay the same may not himself have any right thereto.

2. APPEAL—*when lies from order requiring payment of money to receiver.* An order which requires a party to pay money to a receiver is final and appealable.

3. CONTEMPT—*what failure to pay money to receiver pursuant to order of court, does not constitute.* It is not contempt of court to refuse to pay money to a receiver pursuant to order, unless the disobedience is wilful.

Creditor's bill. Appeal from the Superior Court of Cook county; the Hon. WILLARD M. McEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Reversed and remanded. Opinion filed November 8, 1907.

**Statement by the Court.** This is an appeal from an order committing appellant to jail and fining him $1,000 for failure to comply with an order directing him to turn over to appellee, receiver of the estate of one Gay Dorn, the sum of $908.10, alleged to be money of said Dorn held by appellant. The order was entered in a

chancery proceeding in the nature of a creditor's bill.

The complainants in the bill to which appellant is made a defendant allege the recovery by executors of the estate of S. H. Wright, deceased, of a judgment in January, 1903, against one Gay Dorn, and that execution was issued on said judgment and returned no part satisfied. The bill was answered, among others, by appellant and by the Hartford Deposit Company, another of the defendants, who deny its general allegations and that they ever had in their possession or control any assets or property of the defendant Dorn. A rule was, however, entered on the Hartford Deposit Company to show cause why it should not turn over to appellee $908.10, alleged to be money belonging to Dorn. There was a reference to a master, who heard the evidence and recommended that said Hartford Deposit Company be ordered to pay that sum to the receiver. No action, it is said, has been taken on that recommendation.

Subsequently an order was entered requiring appellant to show cause why he should not turn over to appellee the same amount of $908.10 in his possession, alleged to be the money of Gay Dorn. In his verified answer to the rule appellant stated that he had not in his possession that nor any other sum of money the property of Gay Dorn; that he had $908.10 paid him in the office of the clerk of the Circuit Court in satisfaction of a judgment of record in favor of the Hartford Deposit Company against DeWitt T. Kennard, Gay Dorn and Charlotte E. Dorn, by Dorn or his attorney; that appellant was a member of a law firm who were attorneys of record for the judgment creditor in that case; that he understood said money was paid in satisfaction of said judgment and that accordingly he did satisfy it of record and executed a satisfaction piece at the request of the attorney representing the judgment debtors; that thereupon respondent immediately took the fund to the Hartford Deposit Company, whereupon the vice-president, upon referring to the books,

stated that the judgment had been sold in the year 1901 to John M. Pollock for the sum of $87.50; that subsequently Pollock requested respondent to hold the fund for a few days until certain questions pending in the bankruptcy proceedings should be determined; that respondent made further efforts to see Pollock, but was unsuccessful. The bill was afterwards filed in this case, since which time respondent has made no effort to turn the money over. Wherefore the respondent shows, by his answer, that the full principal and interest on said judgment, together with the costs that accrued in said hearing, having been paid over, and the judgment having been satisfied upon the record by the then attorney of record for the said judgment creditor, that the money in the hands of respondent became the moneys of the actual owner of the judgment, and that respondent holds the same in trust for the owner of said judgment; that should he turn said money over to the receiver herein, on order of court, that respondent would not have control over said fund or be able to turn it over to the lawful owner of said judgment when a demand therefor should be made upon respondent.

Appellant further avers in said answer that, although he was given to understand at the time said judgment was paid that it was the money of said Gay Dorn, he has been since informed, and believes, and charges the fact to be, that the money was not, in fact, the money of Gay Dorn, but was the money of certain friends of said DeWitt T. Kennard, who were loaning it for the purpose that the judgment might be satisfied against Kennard, and that upon adjudication of this matter, if it should be determined that the money is not the money of said John M. Pollock, then it is not the money of said Gay Dorn, or his creditors, but the money of the parties who advanced the same for and on behalf of said Kennard. Wherefore respondent prayed that the rule against him be discharged until such time as the equities between the respective claim-

ants to said fund shall have been determined by proper decree, to which all the claimants are proper parties.

There was evidence in support of the answer. The court upon hearing made the rule absolute and ordered appellant to pay over to the receiver the sum in controversy. From this order appellant prayed an appeal, which the court denied and ruled appellant to show cause why he should not be punished for contempt for failure to comply with the order. After hearing of evidence under the rule, the court entered an order adjudging appellant guilty of contempt, fining him $1,000 and committing him to the custody of the sheriff to be confined in jail until the fine should be paid, not to exceed, however, six months. From that order this appeal is prosecuted.

TYRRELL & FELLINGHAM, for appellant.

ROBERT E. CROWE and JOHN F. HAAS, for appellee; CHARLES V. BARRETT, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant's main contention is that the court having denied appellant the right of appeal from the order of April 16, 1906—to which appeal, it is urged, appellant was entitled—had not power to punish appellant for non-compliance with said order.

A preliminary question is as to the propriety of the peremptory order directing appellant to pay the money to the receiver. This order, from which appellant was not allowed an appeal, was entered April 16, 1906, on the hearing of a rule requiring appellant to show cause why he should not turn over to appellee as receiver the sum of $908.10 in his possession, alleged to be the money of Gay Dorn. Gay Dorn is a defendant to the bill of complaint, out of which the proceeding now in controversy arises, which bill was filed to discover property with which to satisfy a judgment of $1,001.97 against said Gay Dorn. Upon the hearing it was

ordered that appellant pay over to the receiver within one week the sum of $908.10 in controversy. The entry of the order and the denial of an appeal from it are assigned for error and are before us on the record.

It appears that the amount of a judgment in favor of the Hartford Deposit Company against DeWitt T. Kennard, Gay Dorn and Charlotte E. Dorn was paid to appellant as attorney of record of the original judgment creditor and the judgment was thereupon by him satisfied of record February 6, 1906. This was prior to the date, March 1, 1906, upon which the bill of complaint in the present cause was filed. The judgment so paid had been assigned, after its rendition, to one John M. Pollock. Appellant's contention before the Superior Court as stated in his answer to the rule to show cause, was that he held the money paid to him in satisfaction of that judgment in trust for the actual owner of the judgment. The judgment had been recovered, not solely against the judgment debtor, Gay Dorn, against whom the bill in this case was filed, but against him and two other defendants. There is evidence tending to show John M. Pollock to be the owner as well as assignee of the judgment, but he has not been made party to this proceeding. No reason appears why he is not entitled to the money in appellant's hands. At all events he is entitled to assert his claim to the fund, if he has any, before it is turned over to the receiver or anyone else. It appears from the evidence that the amount of the judgment was paid to appellant and the judgment satisfied of record after bankruptcy proceedings had been instituted in the District Court of the United States against DeWitt T. Kennard, one of the judgment debtors, at the instance of Pollock, claiming to be assignee of the judgment. The master found from the evidence that Pollock was the legal holder and owner of said judgment for a valuable consideration. It would seem to follow that the money paid appellant as attorney of record in that cause in satisfaction of the judgment was also his

property, and that appellant is responsible to such owner for the amount. The filing of a satisfaction piece and its entry on the docket were effectual to discharge the lien of the judgment, and discharged the debtors themselves. Booth v. Farmers & M. N. Bank, 50 N. Y. 396-401; Page v. Benson, 22 Ill. 484-488.

It is claimed on behalf of the receiver that the court properly directed the payment to him of the money in controversy as the property of Gay Dorn. We are unable to discover upon what ground the fact that Dorn himself paid it in satisfaction of a judgment against himself and another is regarded as evidence that the money is still his after it has satisfied his debt or that it belongs to anyone but the judgment creditor, whose judgment, in consequence of the payment made—apparently without notice or knowledge of any counter-claim such as is now asserted—has been satisfied of record. It seems to be contended that the order requiring payment of the money to the receiver was not an adjudication of the rights of the parties. We find nothing, however, in this record which purports to justify an attempt to impound the money apparently belonging to Pollock—not a party to the suit—and to put it in the hands of a receiver for another party. Appellant may have no right to retain the money in his possession, but there is no evidence even tending to show, so far as we can discover, that Gay Dorn's receiver has any right to it. We are of opinion that the order of April 16th, directing appellant to pay the money in controversy to the receiver, was erroneous.

As to the prayer of appellant for an appeal from that order, we are of opinion that it should have been granted. It was a final order so far as appellant was concerned, and as such was appealable. The People v. Prendergast, 117 Ill. 588-596. It was said in Blake v. Blake, 80 Ill. 523-524, that such an order "does not seem to us to be merely interlocutory. It is more in the nature of a final decree and if no appeal lies this case affords an instance of a money decree against a

party from which no relief can be had, no matter how unjust or oppressive. This ought not to be." See, also, Nevitt v. Woodburn, 45 Ill. App. 417-418; McCormick v. Park Com'rs, 118 Ill. 655-662. In Rhodes v. Rhodes, 172 Ill. 187-189, it was said: "Nothing remained to be done but carry the decree into execution. It was therefore a final appealable decree." See, also, C. & N. W. Ry. Co. v. City, 148 Ill. 141-153.

Had an appeal been allowed from the order of April 16th, and perfected, all further proceedings against appellant would have been suspended and no order committing him for contempt could have been made until after the determination of the appeal. People v. Prendergast, *supra,* p. 596. It is therefore unnecessary, in view of what we have said, to consider at length the propriety of the order fining appellant and committing him for contempt. In State v. Denham, 30 Washington 643, a somewhat similar order was under consideration, and the court said that the appellant in that case could not be guilty of disobedience of that order unless he wilfully withheld property which confessedly belonged to the party for whom the receiver was appointed; that as to property in his hands which he in good faith believed belonged to others and to whom he would be responsible if it did in fact belong to them, he could not be punished for contempt for retaining it, even though it afterwards turned out that he was wrong in his belief. The court added that it would seem the remedy of the receiver under the circumstances lay in some form of civil action in which the rights of the parties to the property could have been tested. It is not competent for a court of equity to imprison for contempt on failure to pay a money decree, unless the disobedience is wilful. Dinet v. The People, 73 Ill. 183-186.

For reasons indicated, the order of the Superior Court adjudging appellant guilty of contempt, fining him $1,000 and committing him to custody of the sheriff will be reversed and the cause will be remanded, with

directions to set aside the order of April 16th ordering appellant to pay over to the appellee herein the sum of $908.10.

*Reversed and remanded with directions.*